Tompkins, X,
delivered the opinion of the Court.
Mingo Bird, the plaintiff in error, was indicted at the July term, last past, of the-Circuit Court of Madison county, for marking hogs, with intent to steal, and found guilty, and sentenced by the Court. The plaintiff in error moved for a new trial, which was refused, and to reverse the judgment of the Circuit Court, he comes into this Court, and assigns, among other things, for error:
That the verdict is against evidence.
That the verdict is against the weight of evidence.
That the jury misbehaved.
It appears from the record, that Richard Walsh and Edward Walsh swore, the-hogs in question belonged to Richard Walsh; and Edward Walsh also swore that the plaintiff in error told him he had but one black sow, and that he had killed her in the winter of 1825, before the time he was charged with marking the hogs, of which the black sow was one. Another witness also swore, that in the winter of 1825, Mingo told him he had but one black sow, and that he had killed her. Five witnesses swore the hogs in question had long been in possession of the plaintiff in error, and that he had exercised rights of ownership over them for three or four years, and one witness swore to four years possession in the plaintiff. Another- *417 witness swore, he lived near the plaintiff last winter, and had frequently been at his house in the winter of 1825, about the time the plaintiff killed his hogs, and that the black sow in question was not enclosed with the hogs intended to be killed, but was going at large. '
The Court is of opinion that the weight of testimony is decidedly for the plaintiff in error.
It appears, also, from the record, that some persons near the room occupied by the jury, and in their hearing, talked aloud on the subject of the trial, and one said, if Mingo (the plaintiff in error) was whipped now, he would be as bad as ever in six months. That some person without asked the jury how the case was going, or if the jury could not agree; and that the answer was, that all but one were agreed. This conduct, though very reprehensible, does not seeru sufficient reason to induce this Court to reverse the judgment. But, because the Court thinks the weight of evidence is greatly in favor of the plaintiff the judgment is reversed, and the cause remanded for a new trial.
The State will pay the costs of this writ of error, and the costs in the' Circuit Court will await the event of the cause.