# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1871, AT ST. LOUIS.

---

THE STATE OF MISSOURI, Respondent, *v.* WILLIAM A. MARSHALL, Appellant.

1. *Practice, criminal — Motion to quash must state what.* — A general statement, in a motion or demurrer to quash an indictment, that the same is defective and insufficient, does not comply with the statute (Wagn. Stat. 1090, § 24). The specific defect must be pointed out.

2. *Criminal law — False affidavit, information as to — Allegation.* — In an information under the statute (Wagn. Stat. 476, § 4) for making a false affidavit, if the authority of the magistrate to administer the oath is clearly asserted, that is sufficient, and the information need not set out the various facts which would authorize him to act as magistrate, such as his election, qualification, etc.

3. *Criminal law — Indictment — False oath, allegations as to.* — In indictments for making false affidavits it has always been held that if the materiality of the oath appear from the facts or documents set forth in the indictment, it is sufficient without any express allegation on the subject.

4. *Practice, criminal — Evidence in criminal cases examined in the Supreme Court.* — In criminal cases this court has always felt under obligation to examine the record and direct a new trial if conviction is not warranted by the evidence.

*Appeal from St. Louis Court of Criminal Correction.*

*A. J. Baker*, for respondent.

*G. M. Smith*, for appellant.

BLISS, Judge, delivered the opinion of the court.

The defendant was prosecuted by information under section 4, chapter 203, General Statutes (Wagn. Stat. 476), which provides that " every person who shall willfully, corruptly and falsely, before any officer authorized to administer oaths, under oath or affirmation, voluntarily make any false certificate, affidavit or statement of any nature, for any purpose, shall be deemed guilty of a misdemeanor," etc. This is a statutory offense less than perjury, and in St. Louis county to be prosecuted by information in the Court of Criminal Correction.

The information, after the introductory part, reads as follows: " That William A. Marshall, as this affiant believes, at present of St. Louis county aforesaid, in the county of St. Louis, on or about the —— day of May, A. D. 1870, willfully, corruptly and falsely, before one William Keating, a justice of the peace within and for the county of St. Louis, duly authorized by law to administer oaths, did, for the purpose of obtaining possession of the premises of this affiant, under oath and affirmation, voluntarily make a certain false statement, to-wit: that he, the said William A. Marshall, being the complainant to said justice of the peace, who had full and complete jurisdiction of said cause against Louis Cafferata, this affiant, in an action of unlawful detainer, did swear that the said Louis Cafferata, on the day and year aforesaid (he then and there meaning the 2d day of May, 1870), wrongfully and without force and by disseizin obtained and continues in possession of the same premises (the premises mentioned in said complaint), after demand made in writing for the delivery of the possession thereof ; and that the said William A. Marshall then and there well knew the said statement made under oath as aforesaid to be false and corrupt; and in truth and in fact that the said Louis Cafferata did not, on the 2d day of May, 1870, or on

any other day, wrongfully and without force, by disseizin, obtain and continue in possession of the said premises after demand made in writing for the delivery of the possession thereof, contrary to the form of the statutes," etc.

Upon the trial the defendant moved to dismiss the information, but failed to "distinctly specify the grounds of his objection," as required by section 24 of the act concerning indictments (Wagn. Stat. 1090), and the motion was properly disregarded. A general statement in a motion or demurrer that the indictment "is defective and insufficient," does not comply with the statute, but the specific defect must be pointed out. Hence we must treat the paper as though no objection were made, and can only inquire whether it will sustain the verdict of guilty.

Defendant's counsel raise a multitude of objections to the information, but they all may be resolved into two : first, that it does not appear that the affidavit was made before any one authorized to administer oaths ; and second, that it does not appear to have been material to any legal proceedings, or that it was authorized by law. Both objections, if well taken, are substantial and go to the sufficiency of the pleading. An information should contain all the allegations in relation to the offense necessary in an indictment, and we are bound so far to treat it as an indictment. But this is not an indictment or information for perjury ; the offense sought to be charged may amount to perjury, but defendant is not now on trial for that crime. The rules, then, applicable to indictments for perjury can apply to this information only so far as they legitimately pertain to this statutory offense.

First, it would be unreasonable to require any plainer or more specific allegation of the authority to administer the oath than is contained in the information. The authority is directly asserted, and to require the paper to set out the facts that would authorize the justice of the peace to act as such — as, for instance, his election, qualification, that his term had not yet expired, etc. — would encumber and disfigure it. The general allegation is sufficient to advise the defendant and enable him to contest the authority.

Upon the second point the information may be somewhat informal. It is unnecessary to inquire whether the statute, under

the term "for any purpose," will cover affidavits not provided for by law, inasmuch as the one set out purports to have been made to initiate a legal proceeding. But there is no difficulty, upon inspecting the paper, in seeing the purpose or object of the affidavit charged as false, etc. In indictments for perjury, the materiality of the oath must be made to appear either by direct averment as to what was necessary to be proved or sworn to, or by setting forth facts that shall show the materiality of the oath charged to be false; and in the present case most criminal pleaders would, before charging the offense, have stated as inducement that the legal proceeding (describing it, and in what court) was commenced by the accused against the defendant therein, state the necessity or materiality to the proceeding of the affidavit complained of, and then follow with the charge, and make the purpose of the affidavit to wrongfully obtain possession of the premises named in the proceeding. But though this mode of setting forth the materiality and purpose of the affidavit may be the better one, we can not for that reason hold the present information invalid; for it has always been held that if the materiality of its oath appear from the facts or documents set forth in an indictment, it is sufficient without any express allegation upon the subject. (Whart. Prec., 2d ed., p. 577, note e.) The substance of the affidavit and the proceedings showing its materiality are all set forth, and there is no possibility that the defendant could mistake the character of the charge.

But while I think the information sufficient, and in some respects excellent, I can not reconcile the conviction of defendant with the evidence. In criminal cases this court has always felt under obligation to examine the record and direct a new trial if the conviction is not warranted by the evidence. (State v. Bird, 1 Mo. 585; State v. Mansfield, 41 Mo. 470.) It does not affirmatively appear that the prosecution of the action of unlawful detainer was not made in good faith, and that defendant knew, when he made the necessary affidavit, that he had no right to the possession of the premises.

His counsel drew the paper and advised him that he had such right, and considering the nature of the oath — which is not so

much to a specific fact as to a legal conclusion—I can not see, under the conflicting evidence as to its truth, how he could be found guilty of willfully and corruptly* making the false statement, knowing it to be false.

The other judges concurring, the judgment will be reversed and the cause remanded for a new trial.