## G. W. BULLER v. THE STATE.

*No. 312.    Decided October 27.*

33  551
38  525

1. Perjury—Indictment—Allegation of Materiality of Matter Assigned as.
The rule of pleading requires that an indictment for perjury should allege that the statement assigned for perjury *is material*, or state facts which make the statement assigned material. To allege that the main fact or matter under investigation is material is not sufficient, because the main fact can never be properly charged as material. It is the statement which the party made, or his testimony in reference to the main fact, which is the factum probandum upon which the perjury can alone be predicated, and unless the materiality of this statement be alleged in terms, or its materiality be

shown by the facts averred, the indictment will not support the charge, though it does allege that the main fact was material.

2.  Same.—An indictment for perjury must negative by special averment the matter alleged to have been sworn to by the accused.

APPEAL from the District Court of Waller.   Tried below before Hon. T. S. REESE.

This appeal is from a conviction for perjury, the punishment being assessed at five years in the penitentiary.

The case on appeal having been disposed of on the sole question of the sufficiency of the indictment, it is only necessary to reproduce that instrument, which, omitting formal allegations, is as follows, viz:

" Which said oath (to him as a witness before the grand jury) was so administered (to appellant) for the ends of public justice; wherefore it then and there became and was a material inquiry before said grand jury, and necessary (to) the due administration of the criminal laws of said State (Texas), whether G. W. Buller and one Charles Smith, in the county aforesaid (Waller), on or about the first day of May, 1893, did steal a yearling, the property of William Rhone; and the said G. W. Buller did, on the day hereinbefore first named (11th August, 1893), in said county, before and to the said grand jury, under the sanction of said oath administered to him as aforesaid, willfully and deliberately state and testify, 'That himself and Charles Smith were gathering cattle to carry to Houston.   As they went through the bottom Charles Smith drove the William Rhone yearling into the herd, claiming that he had bought it.   As they were driving the cattle towards Houston some freedmen came up and claimed the said yearling for William Rhone.   That they drove the yearling on to Houston and sold it, and that it was worth about eight dollars.   That when they went to William Rhone's house and offered him pay for it he refused to take it.   That on or about the sixth day of May, they went back to William Rhone and carried a cow and calf, and delivered said cow and calf to William Rhone, and gave William Rhone two dollars and fifty cents, and that said cow and calf and the two dollars and fifty cents were given to William Rhone to pay for the yearling that he, the said G. W. Buller, and Charles Smith were accused of stealing;' and the said G. W. Buller then and there testified, that said cow and calf so delivered to William Rhone was the property of Charles Smith, and not the property of him, the said G. W. Buller, whereas in truth and in fact the said cow and calf did not then and there belong to said Charles Smith, but the said cow and calf belonged to and was the property of the said G. W. Buller; which said statement so made by the said G. W. Buller before and to the said grand jury as aforesaid was willfully and deliberately false, and the said G. W. Buller knew it to be false when he made it," etc.

*H. M. Brown, A. J. & J. D. Harvey,* and *Walton & Hill,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for perjury. Appellant, Buller, was before the grand jury as a witness. The grand jury were inquiring into a charge of the supposed theft of a yearling, the property of William Rhone. The indictment alleges that it was a material issue before the grand jury whether G. W. Buller and Charles Smith had stolen said yearling. The matter assigned for perjury appears from the following facts, alleged in the indictment: "That G. W. Buller did state that himself and Charles Smith were gathering cattle to carry to Houston. As they went through the bottom, Charles Smith drove the Rhone yearling into the herd, claiming he had bought it. As they were driving the cattle towards Houston, some freedmen came up and claimed the yearling for Rhone. They drove the yearling to Houston and sold it; and while inquiring into this matter, Buller, being a witness before the grand jury, stated that the cow and calf delivered to Rhone in payment for the yearling taken by him and Smith to Houston, and then disposed of, were the property of Smith and not his (Buller's) property." The indictment does not in terms allege that this statement was material. Does the indictment allege facts which make the statement material? It does not, for we can not possibly perceive the materiality of this statement from the facts stated in the indictment. It may be contended, as the indictment charges in terms "that it then and there became and was a material inquiry before said grand jury * * * whether G. W. Buller and one Charles Smith did steal a yearling, the property of William Rhone," that this is sufficient. The matter before the grand jury was whether appellant and Smith had stolen Rhone's yearling. This was the main fact—the factum probandum—and of course was in a certain sense material. The testimony of witnesses—in fact, the whole investigation—was for the purpose of ascertaining the truth of the accusation. Did appellant and Smith, or either of them, steal Rhone's yearling? This was the fact to be established to the satisfaction of the grand jury. The subject matter of inquiry—the theft of a yearling—was within the line of the grand jury's duty, and should have been investigated. But the main fact can never properly be charged as being material. In every trial the factum probandum is the matter to be adjudicated. Facts tending to elucidate and settle the main fact are material. The character and credibility of witnesses are material. The rule of pleading requires that the indictment should allege that the statement assigned for perjury is material, or state facts which make the statement assigned material. To allege that the main fact or matter under investigation is material will not be sufficient. The state-

ment assigned for perjury in this case is that appellant stated that the cow and calf delivered to Rhone were the property of Smith, and that they were worth about $8; that when they went to William Rhone's house and offered him pay for the yearling he refused to take it; that on or about the 6th day of May they went back to William Rhone, and carried a cow and calf, delivered them to Rhone, and gave him $2.50; that said cow and calf and the $2.50 were given to Rhone to pay for the yearling Buller and Smith were accused of stealing; and that said Buller then and there testified that said cow and calf were the property of Charles Smith, and not his (Buller's) property. Perjury is assigned upon the statement, made by appellant, "that said cow and calf, delivered to William Rhone, was the property of said Charles Smith, and not the property of him, the said G. W. Buller." Appellant and Smith were accused of or suspected with the theft of Rhone's yearling. The grand jury were investigating the matter as to whether or not Buller and Smith were guilty of the theft of said yearling. The matter assigned as perjury is not alleged as material, nor does the indictment state facts which make it material.

The judgment is reversed and cause ordered to be dismissed.

*Reversed and dismissed.*

DAVIDSON, Judge, absent.