## JOHN HIGGINS v. THE STATE.

### No. 1407. Decided January 26, 1898.

**1. Perjury Before Grand Jury as to Gaming in an Outhouse—Indictment.**

An indictment for perjury by a witness before the grand jury, with regard to gaming in an outhouse, which alleged that it became and was a material inquiry whether the defendant "had seen a game played with cards in a certain house situated in the town of Q., in Hunt County, on or about the 3d day of October, 1896, where people did then and there resort;" Held, the indictment was insufficient; the particular outhouse should have been stated, and, moreover, the assignment should have further stated and named some of the parties involved in the supposed game of cards inquired about in order to identify the transaction. Following McMurtry v. State, ante, p. 521.

**2.  Same—Evidence—Charge of Court.**

On a trial for perjury, committed by a witness before the grand jury with regard to unlawful gaming in an outhouse, where testimony as to the outhouse being resorted to for gaming purposes was exceedingly meager, it was a part of the law of the case, and the court should have charged the jury, in effect, that they must find that the place mentioned in the indictment was an outhouse where people commonly resorted for the purpose of gaming, or for some other specific purpose.

APPEAL from the District Court of Hunt.  Tried below before Hon. HOWARD TEMPLETON.

Appeal from a conviction for perjury before the grand jury; penalty, two years imprisonment in the penitentiary.

The opinion sets out the assignment upon which the prosecution was conducted and the conviction had.

Defendant's motion in arrest of judgment, which was overruled, challenged the sufficiency of the indictment, among other reasons:

1.  Because the indictment charges no offense against the laws of the State of Texas.  *  *  *

4.  Because the issue contained in the indictment on which the court limited his charge was too indefinite and general to form the basis for perjury.

In view of the disposition made of the case on this appeal, no general statement is required.

*J. G. Matthews*, for appellant.—Where a party is prosecuted on evidence given before a grand jury in answer to questions propounded to him, the indictment should allege the time and place and sufficient of the circumstances to show that the attention of the witness was directed to the circumstance and transaction under investigation, so that he might have known about what he was testifying.  Meeks v. State, 32 Texas Crim. Rep., 420.

The court erred in refusing to give special charge number 1, which would have instructed the jury that in order to convict defendant they must believe that the time, place, and sufficient of the circumstances to call defendant's attention to the transaction under investigation was stated to him, so that he might have known what he was called upon to testify about.  "Therefore, unless you believe from the evidence that the defendant was asked by the grand jury the specific question as to whether or not he had played cards on October 3, 1896, or had seen such a game at an outhouse in Quinlan, where people commonly resort, you will find him not guilty," which charge the court refused, to which defendant excepted and tendered his bill of exceptions.

Where the issue is clearly raised by the evidence as to whether or not the attention of the defendant was called to the time, place, and circumstances of the matter about which he is called upon to testify, in a prosecution for perjury, and a special charge is requested, presenting that issue properly, the court should certainly submit that issue to the jury, that they might pass upon it as a matter of fact.

The court erred in refusing to give special charge number 2, asked by
defendant, which would have instructed the jury that, "in order to con-
vict this defendant, the evidence must show that the matter about which
he testified was a violation of the law; therefore, before you could convict
this defendant for perjury, you must be satisfied from the evidence in the
case that the place mentioned in the indictment was an outhouse where
people commonly resorted for the purpose of gaming, or for some other
purpose," which charge the court refused, to which defendant excepted
and tendered his bill of exceptions.

Where the indictment assigns perjury on the ground that defendant
had testified that he had not seen a game of cards played at an outhouse
where people commonly resort, and there is no evidence that the house
was resorted to for gaming or other purposes, and a special charge is re-
quested raising that issue, it should be given when not embraced in the
general charge.

The evidence of the three witnesses who testified to seeing the defend-
ant play at a game with cards in the Cook building, in Quinlan, showed
that they never knew of any other game being played there. Cook testi-
fied that the building was a one and a half story dwelling house, situated
in the edge of Quinlan; that it belonged to him; sometimes he had a
tenant living there, and sometimes he did not; that in the fall of 1896
some cotton pickers occupied the building awhile, but he didn't remem-
ber whether they were living there at the time this game is charged to
have been played or not. Hopkins v. State, 33 S. W. Rep., 975.

Where the evidence fails to show that the time, place, and sufficient of
the circumstances to direct witness's attention to what he is called upon
to testify about, are not given, he should not be convicted of perjury.

*Mann Trice,* Assistant Attorney-General, for the State, submitted the
case upon the sufficiency of the evidence as to the fact that the house was
commonly resorted to for the purpose of gaming, as alleged in the in-
dictment.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his
punishment assessed at two years confinement in the penitentiary; hence
this appeal.

The indictment contains a number of assignments, but inasmuch as
the prosecution proceeded upon one assignment of perjury, it is not neces-
sary to notice the others. This assignment is in these words: "It became
and was a material inquiry whether the said John Higgins had seen a
game played with cards in a certain outhouse situated in the town of
Quinlan, in Hunt County, Texas, on or about the 3d day of October,
1896, where people did then and there resort." It was proved by one wit-
ness that appellant was asked the question before the grand jury if he had
seen any card playing about the 3d of October, 1896, at any outhouse
where people resorted, in the town of Quinlan, Hunt County, and he
answered that he had not. By two or three witnesses it was proved that

they saw defendant playing a game with cards in an outhouse in Quinlan, Hunt County; that the outhouse was in the outskirts of the town, and was an old, unoccupied dwelling house, belonging to J. H. Cook. The record does not disclose any other game of cards played at said house, except the one in question. It was shown that during the fall said house was vacant during most of the time. The only testimony tending to show that it was a house where people resorted was the game in question, and by one witness, who lived near there, it was proved that he saw lights and heard people talking inside said house several times during that fall, while it was vacant, but he did not know what they were doing there. By another witness it was proved that when he would be passing there during that fall he had heard people talking there in the night.

On this state of facts appellant requested the court to give the following instruction: "In order to convict this defendant, the evidence must show that the matter about which he testified was a violation of the law. Therefore, before you could convict this defendant for perjury, you must be satisfied, from the evidence in this case, that the place mentioned in the indictment was an outhouse, where people commonly resorted for the purpose of gaming or for some other specific purpose."

If it be conceded that the evidence was sufficient to show that said house was a place where people resorted for the purpose of gaming, or for other purposes, so as to make a public place, certainly the charge in question should have been given. To say the most of it, the testimony indicating that it was a house where people resorted was exceedingly meager, and it was a material issue in this case for the jury to find; and, as stated before, the requested charge on this subject, or one covering this phase of the case, should have been given by the court.

Furthermore, we would observe, with regard to this assignment for perjury, that it does not seem to us to come within the rule heretofore laid down by this court. See McMurtry v. State, ante, p. 521. The question as presented in the indictment, which was propounded by the grand jury to the defendant, does not contain the essential elements which, under a similar state of case, would constitute a predicate for the impeachment of a witness. The particular outhouse is not stated in the indictment. True, it was proved that it was Cook's outhouse about which the witness was questioned. This matter seems to have been known to the grand jury, and should have been embraced in the assignment. Moreover, the assignment should have stated at least some of the persons involved in the supposed game of cards inquired about—enough to identify the transaction, and to apprise the witness of the particular occasion inquired about. When the attention of the witness was thus challenged, he might very readily remember and recall the transaction; whereas, if he was inquired of generally with reference to a game of cards on the 3d of October, at an outhouse in Quinlan, Hunt County, his attention might not be challenged. There may have been a number of outhouses in said town, and, the witness's attention not having been called to any particular one, he might not remember the game.

In our opinion, the assignment on which the conviction was had in this case did not charge an offense, and the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*