## JOHN FOREMAN v. THE STATE.

### No. 2998.   Decided October 19, 1904.

**1.—Perjury—Indictment—Time, Place and Parties—Certainty.**

Where the indictment alleged: "That it was a material inquiry before the justice, whether the said F. had at or near Guinn's Camp as aforesaid, then and there at any time recent or theretofore during the year 1902, seen M. T., W. S., L. C., and A. K., or any one or more of said persons or any other person bet any money or valuable thing at a game played with dice called craps, at a place that was not then and there a private residence, etc.," it states time, place and parties with sufficient certainty.

**2.—Charge of the Court—Time Alleged in the Indictment.**

Where the time alleged in the indictment was during the year 1902, and the charge submitted the time as in the month of July, or August of that year, these months were clearly covered by the time alleged in the indictment, and the fact that the charge limited the time to these months could not possibly injure the rights of the defendant.

**3.—Indictment—Election—Different Assignments but One Count.**

Where the indictment alleges but one act of perjury in different assignments, there is but one count, and the State could not be forced to elect on which count it would prosecute.

**4.—Evidence—Different Occasions—One Act of Perjury.**

Where the indictment charged that defendant had seen certain persons play craps during the year 1902, which he had denied under oath before a justice of the peace, it was permissible for the State to show, that he had seen craps on three or four different occasions played by said persons occurring about the same time and place, to sustain the assignment of perjury.

**5.—Same—Defective Assignment—Perjury.**

Where one of the assignments of perjury is defective in an indictment containing different assignments of perjury, it is not error to admit testimony on such defective assignment, to sustain the good assignment.

**6.—Perjury—Gaming—Private Residence—Form of Question.**

Where the assignment of perjury was that defendant in answer to a question propounded to him by a justice of the peace, swore that he had not seen certain persons play at a game of craps at a certain time and place, it was not necessary that the justice of the peace should have excepted a private residence in propounding his question, in order to make such inquiry the basis of perjury.

**7.—Evidence—Perjury—Corroboration.**

Where the defendant admitted that he had sworn falsely before a justice of the peace with reference to all the parties he denied having seen play craps, and the evidence of one witness on his trial for perjury showed that he played with at least one of these parties; together with other circumstantial evidence, the corroboration is sufficient.

Appeal from the District Court of Cherokee.   Tried below before Hon. Tom C. Davis.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The State proved by the justice of the peace that the appellant, after having been brought before said justice of the peace and duly sworn to make true answers to such questions as might be propounded to him

touching violations of the penal laws of the State in Cherokee County, in answer to the question whether he had seen any crap shooting, card playing, or other gambling in July or August, 1902, at or about the Guinn Camp in Precinct No. 6, of Cherokee County, Texas, said he had not seen any crap shooting, or any other gambling about Guinn's Camp, or anywhere else in Cherokee County, in July or August, 1902, or at any other time in 1902. To the question whether he had shot craps with Mel Thompson, Leander Cleaves, or Andre Kennedy, or any other person, at or about Guinn's Camp, in Precinct 6, Cherokee County, or whether he had seen any of said persons shooting craps, or doing any gambling during the months of July or August, 1902, at or about said camp, he likewise answered in the negative and that he had not seen any gambling of any charactr in said county, during the last two years.

After this inquiry, possibly within a week, appellant appeared before the same justice of the peace and plead guilty to a complaint for betting at a dice game called craps near Guinn's Camp. When asked by the justice why he did not tell him the truth when sworn to tell it, he admitted that he had not done so but said that he was afraid at the time, because some parties had threatened to kill him if he gave them away. The State then proved that defendant had not been threatened and that he had been seen by a witness, not a party to the game, playing at a game of craps with said Mel Thompson in July, 1902, near said camp. Each of the parties named above, also testified that they each had played craps with defendant at different times about the time alleged, at said camp; some fixing the time as in July or August, 1902.

*W. H. Shook,* for appellant. Questions to a witness being interrogated about violations of the law should direct his attention to some particular transaction, and sufficient of the circumstances to call his attention to the very transaction under investigation should be stated; and if the questions and answers thereto could not constitute a predicate for his impeachment, they are not sufficient to constitute a basis for perjury. McMurtry v. State, 38 Texas Crim. Rep., 521; Meeks v. State, 32 Crim. Rep., 420; Donohoe v. State, 14 Texas Crim. App., 638; Higgins v. State, 38 Texas Crim. Rep., 539; Scales v. State, 10 Ct. Rep., 834; Smith v. State, 1 Texas Crim. App., 620.

To constitute perjury, the alleged false statement must be material to the issue upon which it is made. It is not a violation of the law for to persons to bet at dice, except at a place not a private residence; and proof that defendant was asked about seeing certain named persons "* * * bet at a game played with dice called craps, near the Guinn camp in Cherokee County, in the month of July or August, 1902, * * *" does not show that matter inquired about was a violation of the law, hence, being immaterial, it was reversible error to submit said issue to the jury.

No matter not alleged as material can be assigned as perjury. It not being alleged in the indictment that it was material whether Foreman

saw Mel Thompson, Leander Cleaver, Will Stafford or Andrew Kennedy betting at dice in July or August, 1902, nor that he had testified that he had not seen them doing so, it was error for the court to submit said issue to the jury.

A conviction for perjury can only be sustained in this State when the guilt of the accused is proved by two credible witnesses, or one such witness strongly corroborated, or on confession in open court. The fact that Foreman saw any person bet at dice, except Mel Thompson, is testified to by one person only, without corroboration; and in one case the only witness was impeached. Borders v. State, 4 Ct. Rep., 333; Borders v. State, 24 Texas Crim. App., 333; Colchell v. State, 23 Texas Crim. Apj. 584; Weaver v. State, 34 Texas Crim. Rep., 554; Meeks v. State, 32 Texas Crim. Rep., 420; McMurtry v. State, 38 Texas Crim. Rep., 521; Higgins v. State, 38 Texas Crim. Rep., 539; Donohoe v. State, 14 Texas Crim. App., 638; White's C. C. P., art. 787; Kitchen v. State, 29 Texas Crim. App., 45.

In the same prosecution it is error to permit the jury to convict over the objection of defendant and in disregard of his motion to require the State to elect, to instruct the jury to convict for any of four distinct transactions. Scales v. State, 10 Ct. Rep., 834; McKenzie v. State, 32 Texas Crim. Rep., 568; Batchelor v. State, 41 Texas Crim. Rep., 501; Williams v. State, 6 Ct. Rep., 265; Larned v. State, 41 Texas Crim. Rep., 509.

Even conceding that the indictment could be good, it seems too plain for argument, that the State should be required to select which of these transactions it would rely upon for a conviction.

It is reversible error to admit, over defendant's objection, evidence of other transactions or offenses, which are distinct and separate, which do not explain, connect defendant with the one on trial, or show defendant's motive or intent.

It is shown by defendant's bill No. 1, that there were four separate transactions, and that defendant made these objections to the evidence when introduced. Hollins v. State, 69 S. W., 594; Scales v. State, 10 Ct. Rep., 834; Batchellor v. State, 41 Texas Crim. Rep., 501; Larned v. State, 41 Texas Crim. Rep., 509; Williams v. State, 6 Ct. Rep., 390. Smith v. State, 7 Ct. Rep., 343; Barnett v. State, 7 Ct. Rep., 390

*Howard Martin,* Assistant Attorney-General, for the State. On sufficiency of indictment: Fry v. State, 36 Texas Crim. Rep., 582. On proposition of admitting testimony on bad count: McMurtry v. State, 38 Texas Crim. Rep., 521; Vincent v. State, 55 S. W. Rep., 819; Manning v. State, Austin Term 1904.

BROOKS, JUDGE.—Conviction of perjury. The indictment contains two assignments of perjury: the first assignment was not submitted to the jury. The second reads as follows: "It was a material inquiry before the justice, whether the said Foreman (appellant) had at or near

Guinn's Camp as aforesaid, then and there at any time recent or theretofore during the year 1902, seen Mel Thompson, Will Stafford, Leander Cleaver and Andrew Kennedy, or any one or more of said persons or any other person bet any money or valuable thing at a game played with dice called craps at a place that was not then and there a private residence, in said county and State and in said justice precinct." In presenting this assignment to the jury, the court charged, that if the defendant swore he did not see said named parties bet at a game played with dice, called craps, near the Guinn's Camp, in Cherokee County, Texas, in the month of July or August, 1902, to find the defendant guilty. These months were clearly covered by the time alleged in the indictment; and the fact that the court limited the jury to these months could not possibly injure the rights of appellant, but would necessarily redound to his benefit. We do not think the court erred in refusing to force the State to elect on which "count," as appellant terms it, he should be prosecuted. In the first place, there is no bill of exceptions presenting this matter; and secondly, we find but one allegation of perjury in different assignments, and hence but one count. Appellant's motion to quash the indictment is not well taken since the same does state time, place and parties with such certainty as puts appellant upon notice of what is being inquired about, and is not in conflict with McMurtry v. State, 38 Texas Crim. Rep., 521; and Higgins v. State, 38 Texas Crim. Rep., 539.

Appellant further insists that if one of the assignments of perjury that appellant saw craps played on three or four different occasions by parties named in the indictment, occurring about the same time and place. Appellant insists these are different transactions, but the indictment charges that he saw all the parties named in the indictment play craps when he swore that he did not. Certainly it was proper for the State to prove the allegations of the indictment. Sisk v. State, 28 Texas Crim. App., 432; Chavarria v. State, 63 S. W. Rep., 312.

Appellant furthen insists that if one of the assignments of perjury was defective, the motion to quash was good—at least that the court erred in admitting testimony upon the bad assignment This contention is not supported by the authorities. McMurtry v. State, supra; Vincent v. State, 55 S. W. Rep. 821; Manning v. State, Austin Term. 1904.

Appellant insists that before the inquiry made by the justice of the peace of appellant could form the basis of perjury, it was necessary for the inquiry to have been about the playing of dice *not at a private residence*. It is true that the playing must have been not at a private residence, but it is not necessary that the form of the question propounded to appellant by the justice of the peace should so state, in order that the inquiry should be a material inquiry and a proper predicate for perjury. In other words, the justice of the peace was authorized to make inquiry of the witness touching any violation of the law, and in order to be a violation of the law, the playing had necessarily

to be not at a private residence. But, it does not follow that because the justice in asking the question did not except private residence, this would absolve appellant when he falsely testified about an act that was in violation of law.

The last insistence of appellant is that the evidence is insufficient to support the conviction. The testimony is amply corroborated by two witnesses, with strong circumstantial evidence, as to the falsity of appellant's testimony, in swearing that he did not play with Mel Thompson. It is insisted, however, on the part of appellant that there is no corroboration as to the playing with the other parties named in the indictment.

The record shows that appellant admitted having sworn falsely before the justice of the peace in reference to all the parties. This, we take it, would be ample corroboration as to the playing; at least one witness having testified to the playing, coupled with the confession of appellant and other circumstances in the record not necessary to collate, we think amply supports the verdict. The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]