## CHARLEY BELL v. THE STATE.

### No. 3289. Decided November 25, 1914.

**1.—Perjury—Indictment—Material Allegations.**

As a general rule, an indictment for perjury must not only show conclusively, but should charge affirmatively, that the testimony given by the defendant and alleged to be false was material to the issue on the trial of which he was sworn; but where the materiality of the evidence alleged to be false is shown by the nature of the case, no express averment of its materiality is necessary. Following Buller v. State, 33 Texas Crim. Rep., 551, and other cases.

**2.—Same—Case Stated—Indictment—Perjury.**

Where the indictment for perjury, taking all the allegations together, did not sufficiently show that what defendant testified to was material to the issue to supply the necessary allegations that what he testified to was material to the issue, the same was fatally defective. Following McMurtry v. State, 38 Texas Crim. Rep., 521, and other cases.

**3.—Same—Form of Indictment—Omission.**

Attention is called of judges and prosecuting attorneys to the omission in Judge Wilson's Form Book, sec. 135, p. 71, 4th ed., that in an indictment for perjury it must be alleged that defendant's testimony or statement was material to the issue, and also Judge White's Ann. Penal Code, for the same omission.

**4.—Same—Indictment—Immunity—Perjury.**

While under the Penal Code a conviction for the violation of certain articles in the Code may be had upon the unsupported evidence of an accomplice who shall be immune from prosecution for said offense, this would not protect him from a prosecution for perjury.

**5.—Same—Specific Offense—Perjury—Indictment.**

In an indictment for perjury, it is not essential that the indictment shall charge the specific offense which the grand jury were investigating. Following McDonough v. State, 47 Texas Crim. Rep., 227, and other cases. Distinguishing Weaver v. State, 34 Texas Crim. Rep., 554.

**6.—Same—Gaming Statutes—Change of Law—Perjury—Indictment.**

Our gaming statute has been materially changed since the rendering of the opinion in the case of Weaver v. State, 34 Texas Crim. Rep., 554, the indictment in that case being held bad because the false testimony did not embrace any offense. It is now an offense to play cards whether anything is bet thereon or not at any place except a private residence occupied by defendant, and where the indictment for perjury based upon the false testimony of defendant that he had not played at any game of cards at any place other than a private residence, etc., alleged this, the indictment on that ground was sufficient.

**7.—Same—Indictment—Grand Jury.**

Where it clearly appeared that the grand jury restricted their investigations to card playing in the county of the prosecution only, the contention that the indictment was bad because the grand jury did not so confine their investigations is untenable.

**8.—Same—Innuendo—Indictment for Perjury.**

Where, upon trial of perjury, it was alleged that defendant testified falsely that he had never played at a game of cards in the last two years, the same

Vol. 75 Crim.-26

was sufficient on innuendo as to what defendant meant thereby, as alleged in the indictment. Following Donahoe v. State, 14 Texas Crim. App., 638.

**9.—Same—Indictment for Perjury—Place and Time.**

In an indictment for perjury based upon the false testimony of the defendant before the grand jury that he did not play at any game of cards, etc., it was not necessary to allege the places and several times he played such game, nor that he did not know that they were not in a private residence occupied by a family; this was a matter of proof.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of perjury; penalty, two and one-half years imprisonment in the penitentiary.

The opinion states the case.

*A. E. Hampton* and *Goodson & Goodson,* for appellant.—On question of insufficiency of the indictment: Weaver v. State, 34 Texas Crim. Rep., 554, and cases cited in opinion.

On question of innuendo: Wynne v. State, 60 Texas Crim. Rep., 660, 133 S. W. Rep., 682; Roy v. State, 49 Texas Crim. Rep., 173; Gallegos v. State, 50 id., 190; Buller v. State, 33 id., 551, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was indicted and convicted of perjury. In view of the grounds of the motion to quash the indictment it is necessary to give a substantial copy of it.

It has the usual necessary preliminary allegations as to the court, the organization of the grand jury, etc., and that appellant on or about October 24, 1913, in said State and county, at a regular term of said court, naming the presiding judge, appeared before the said grand jury of said court at that time after it had been duly and legally organized, empaneled, etc., with a certain person as foreman thereof, duly appointed as such, and while that grand jury was in session, presented himself and made his personal appearance to testify as a witness before said grand jury, and the foreman, as he was duly authorized, did administer to him the oath as a witness, said oath being the one required by law and so administered for the ends of public justice, he was then and there duly sworn and took a corporal oath as such witness before said grand jury.

It then alleges: "Whereupon it then and there became and was a material inquiry before said grand jury and necessary for the due administration of the criminal laws of the State of Texas, and the ends of public justice, whether he, the said Charley Bell, had played at any game of cards at any place other than a private residence occupied by a family in Comanche County, Texas, within the last two years next preceding the said 24th day of October, 1913, and whether or not he, the said Charley Bell had seen any other person play at any game of

cards at a place other than a private residence occupied by a family in Comanche County, Texas, within the last two years next immediately preceding the said 24th day of October, 1913, and whether or not he, the said Charley Bell, had bet or wagered any money or other thing of value or the representative of either at any game of cards except in a private residence occupied by a family in Comanche County, Texas, within the last two years next preceding the said 24th day of October, 1913, and whether or not he, the said Charley Bell, had seen any other person or persons bet or wager any money or other thing of value or the representative of either at any game of cards except in a private residence occupied by a family in Comanche County, Texas, within the last two years next immediately preceding the said 24th day of October, 1913. And the said Charley Bell as such witness before said grand jury and under the sanction of said oath so administered to him as aforesaid on the day and date first above written and in the County of Comanche and State of Texas did deliberately, wilfully and corruptly testify and say in substance and effect *'I have never played a game of cards in the last two years,'* meaning thereby to say and state and swear and thereby saying, stating and swearing that he the said Charley Bell had not in Comanche County, Texas, played at any game of cards at any place other than a private residence occupied by a family within the last two years immediately preceding the said 24th day of October, 1913. (And meaning thereby to say, state and swear and thereby saying, stating and swearing that he, the said Charley Bell, had not bet or wagered any money or other thing of value or the representative of either at any game of cards except in a private residence occupied by a family in Comanche County, Texas, within the last two years next immediately preceding the said 24th day of October, 1913, and meaning thereby to say, state and swear and thereby saying, stating and swearing that he, the said Charley Bell, had not seen any other person or persons bet or wager any money or other thing of value or the representative of either at any game of cards except in a private residence occupied by a family in Comanche County, Texas, within the last two years next immediately preceding the said 24th day of October, 1913), and meaning thereby to say, state and swear and thereby saying, stating and swearing that he, the said Charley Bell, had not played at a game played with cards with Joe Wisdom, Boon Brown and W. H. Stringfellow in the pasture of T. N. Mohon in Comanche County, Texas, and about the month of August, 1913 (and on which game of cards so played money was bet and wagered), and meaning thereby to say, state and swear and thereby saying, stating and swearing that he, the said Charley Bell, had not played at another and different game of cards in which other game he, the said Charley Bell, W. H. Stringfellow and Joe Wisdom, about the month of August, 1913, in the woods just west of DeLeon, in Comanche County, Texas, and meaning thereby to say, state and swear and thereby saying, stating and swearing that he, the said Charley Bell, had not at another and different time, but about the same time, played in another and different game with cards with W. H. Stringfellow and

a man from Cisco in the old Ayers field in Comanche County, Texas, and meaning thereby to say, state and swear and thereby saying, stating and swearing that he, the said Charley Bell, had not played at another and different game of cards about the month of September, 1913, with W. H. Stringfellow, J. Matt Ross and W. C. (Fat) Scott in a certain rock quary near DeLeon, in Comanche County, Texas. Whereas, in truth and in fact as he, the said Charley Bell, then and there well knew, he, the said Charley Bell, had played at games played with cards within the last two years next immediately preceding the said 24th day of October, 1913, and whereas in truth and in fact he, the said Charley Bell, had played at a game played with cards with Joe Wisdom, Boone Brown and W. H. Stringfellow in T. H. Mohon's pasture, in Comanche County, Texas, and on or about the month of August, 1913, and whereas, in truth and in fact, he, the said Charley Bell, had at another and different place and about the same time played at another and different game played with cards with W. H. Stringfellow and Joe Wisdom in about the month of August, 1913, in the woods just west of DeLeon, in Comanche County, Texas, and whereas, in truth and in fact, he, the said Charley Bell, had played at another and different game of cards with W. H. Stringfellow and a man from Cisco in the old Ayers field about the month of August, 1913, in Comanche County, Texas, and whereas in truth and in fact, he, the said Charley Bell, had played at another and different game of cards with J. Matt Ross, W. C. (Fat) Scott and W. H. Stringfellow in about the month of September, 1913, at an old rock quary in Comanche County, Texas. And which said statement and statements so made by the said Charley Bell before and to said grand jury was and were deliberately and wilfully made and was and were deliberately false, and he, the said Charley Bell, then and there well knew when he made the same, against the peace and dignity of the State." Which was duly signed by the foreman.

Appellant made a motion to quash this indictment on a great many grounds. His motion is very lengthy and full. We think it wholly unnecessary to copy it. Instead, we will here, in substance, give all of his grounds. They are:

1. It fails to allege that the grand jury was investigating the violation of any law of the State which they were authorized to investigate, and about which he could be required to testify.

2. The grand jury did not confine its investigation to any offense committed in Comanche County, Texas, but instead attempted to extend it to any and all places outside of Comanche County.

3. That from the language appellant is alleged to have sworn before the grand jury, it could not be alleged therefrom that thereby he meant to say, state and swear the several things that are alleged that he did say, state and swear in said indictment and that no such innuendo was deducible from the language used by him.

4. It fails to aver that he knew that the said several places where it alleges he played the several games were not in private residences occupied by a family and that they were not played in said county.

5. That the alleged testimony of appellant,—"I have never played a game of cards in the last two years"—is insufficient and supports neither of the allegations of perjury and is totally variant from any of the predicates assigned.

In oral argument on the submission of this case, he presented two other grounds not raised nor passed upon in the court below, nor mentioned in his brief. These two questions are:

(a) It is not alleged in the indictment that the words used by the witness before the grand jury were material.

(b) That the alleged false statement was not a material inquiry and could not be since the statute specifically provides that one may not be convicted when he is forced to give testimony about the playing of cards in which he is interested.

We will first take up his grounds made in oral argument. The statute is: The statement of any circumstance wholly immaterial to the matter in respect to which the declaration is made is not perjury. (P. C., 309.)

There is no specific allegation in this indictment, that the said *statement made, or testimony given,* by appellant *was material.* As we understand, the statute, and all the decisions, makes this an essential.

In Smith v. State, 1 Texas Crim. App., 622, this court held: "It is alleged and argued, however, among the other reasons in arrest of judgment, that there is no sufficient averment of the materiality of the alleged false testimony, or matter falsely sworn to by the defendant, to the question or matter which was the subject of inquiry at the trial in which the perjury was committed.

"As a general rule, deducible from the leading authorities, we think that it may be stated that an indictment for perjury must not only show conclusively, but should charge affirmatively, that the testimony given by the defendant and alleged to be false was material to the issue on the trial of which he was sworn. Weathers v. State, 2 Blackf. (Ind.), 278; State v. Flagg, 25 Ind., 243; People v. Collier, 1 Mich., 137; State v. Hobbs, 40 N. H., 229; State v. Beard, 1 Dutch. (25 N. J.), 384; State v. Haywood, 1 Nott & M. (S. C.), 546; Pickering's case, 8 Graft. (Va.), 242; State v. Davis, 69 N. C., 495; Wood v. The People, 59 N. Y., 117; Nelson v. State, 47 Miss., 621; Bolus v. State, 3 Heisk. (Tenn.), 29. The exceptions to the rule will be given below.

"Mr. Wharton, in his work on Criminal Law, says: 'It must appear upon the face of the indictment that the matter alleged to be false was material, but such materiality need not be expressly averred when it appears on record. It is sufficient to charge generally that the false oath was material on the trial of the issue on which it was taken; it is not necessary to show how it was material.' 3 Whart. Am. Cr. Law, sec. 2263. See, also, People v. Burroughs, 1 Park (N. Y.), 223; Rex v. Souter, 2 Starkie, 473; Campbell v. People, 8 Wend., 636; State v. Marshall, 47 Mo., 378; State v. Mumford, 1 Dev. (N. C.), 519.

"And where the materiality of the evidence alleged to be false is shown by the nature of the case, no express averment of its materiality

is necessary. Hendricks v. State, 26 Ind., 493; State v. Hall, 7 Blackf. (Ind.), 25; Galloway v. State, 29 Ind., 442; State v. Biebush, 32 Mo., 276; Lamden v. State, 5 Humph., 83."

This case has many times later been expressly approved and followed. Mattingly v. State, 8 Texas Crim. App., 345; Harrison v. State, 41 Texas Crim. Rep., 274, and other cases. And the same thing held in Buller v. State, 33 Texas Crim. Rep., 551; Crarey v. State, id., 557; see sec. 650, p. 417, Branch's Crim. Law, and cases cited by him.

These cases, and all other authorities on this question, clearly establish: First, that it is necessary to either make this specific allegation—which said testimony (or statement) was material to the issue; or, second, when this specific allegation is not made the materiality of the alleged false testimony (or statement) must appear from all the allegations taken together. In either event, the indictment on this point would be good.

The indictment herein does allege that "it then and there became and was a material inquiry before said grand jury and necessary for the due administration of the criminal laws of the State of Texas, and the ends of public justice, whether he, the said Charley Bell, had played at any game of cards at any place other than a private residence occupied by a family in Comanche County, Texas, within the last two years next preceding the said 24th day of October, 1913, and whether or not he . . . had seen any other person play," etc., and then several other such matters. It was proper to make all or any of these allegations, but they, nor either of them, supply the necessary allegation that what *he testified* was material to the issue. Nor do all the allegations taken together, sufficiently show that what *he testified,* was material to the issue, as held and illustrated in Buller v. State, supra; McMurtry v. State, 38 Texas Crim. Rep., 521; Miller v. State, 43 Texas Crim. Rep., 367; Rosebud v. State, 50 Texas Crim. Rep., 475; Morris v. State, 47 Texas Crim. Rep., 420, and other cases.

Evidently appellant and his attorneys, the trial judge, and district attorney, were misled on this point by the form of indictment given by Judge White in section 333 in his Annotated Penal Code, and also by Judge Willson, in section 135, page 71 (4th ed.), in his book of forms. In each of these forms, said necessary allegation,—which said testimony (or statement) was material to the issue,—is omitted, but each in their next sections contains this specific allegation.

We call the attention of the trial judges, and prosecuting officers, specially to the said omission, so that they will not hereafter follow said forms without supplying said omission.

This fatal defect in the indictment necessarily results in the reversal and dismissal of this case.

In view of any subsequent indictment of appellant, we will briefly discuss his other grounds. So far as objection (b) is concerned, we think the statute itself is a perfect and complete answer thereto. It is (art. 574, P. C.): "Any court, officer, or tribunal, having jurisdiction of the offenses enumerated in this chapter (the gaming laws), or any

district or county attorney, may subpoena persons and compel their attendance as witnesses to testify as to the violations of any of the provisions of the foregoing articles (the gaming laws). Any person so summoned and examined shall not be liable to prosecution for any violation of said articles about which he may testify; and, for any offense enumerated in this chapter, a conviction may be had upon the unsupported evidence of an accomplice or participant." And (art. 582, P. C.) :

"A conviction for the violation of any of the provisions herein may be had upon the unsupported evidence of an accomplice or participant, and such accomplice or participant shall be exempt from prosecution for any offense under this law about which he may be required to testify." That the statute and decisions of this State completely and fully protected him from indictment for any offense under the gaming laws, there can be no doubt. Griffin v. State, 43 Texas Crim. Rep., 428, and cases therein cited; also Elliott v. State, 19 S. W. Rep., 249; Taylor v. State, 50 Texas Crim. Rep., 183; Ex parte Muncy, 72 Texas Crim. Rep., 541, 163 S. W. Rep., 29. Perjury is not embraced in the gaming laws, and of course the statute above would not protect him if he committed perjury in his testimony, nor would it protect from indictment any other person with whom he played, nor any person whom he saw play.

We now go to appellant's objections to the indictment contained in his motion to quash, and brief. As to his first:

Neither the statute nor any decision, known to us or cited by appellant, intimates that in an indictment for perjury is it essential that the indictment shall charge the specific offense which they were investigating. That that may be done may be true. Because it is not does not make the indictment defective and is no ground to quash it.

The oath of the witness is: "I will true answers make to such questions as may be propounded to me by the grand jury, or under its direction." (Art. 439, C. C. P.) If "the grand jury think it necessary, they may ask the witness in general terms whether he has knowledge of the violation of any particular law by any person" (art. 440). Art. 465, C. C. P.; McDonough v. State, 47 Texas Crim. Rep., 227; Scott v. State, 72 Texas Crim. Rep., 26, 160 S. W. Rep., 960. The cases of Meeks, 32 Texas Crim. Rep., 420, McMurtry, 38 Texas Crim. Rep., 521, and Higgins, 38 Texas Crim. Rep., 539, on this point were expressly overruled in said McDonough case.

We have considered the cases cited by appellant on this point. The first one is Weaver v. State, 34 Texas Crim. Rep., 554. The indictment in that case was held bad because the false testimony did not embrace any offense. The false testimony alleged was, that A. Sprinkles "did not play at a game with cards in a house on Sprinkles' place. Whereas, in truth and in fact he did" so play, etc. The court saying:

"Whether A. Sprinkles had played cards 'in a house' on his own place or not was not material, unless the house was one in which card playing was prohibited by a statute; in other words, in order to constitute this

a material question, the card playing must be in violation of the statute. We have no statute which prohibits generally card playing 'in a house.' Games played with cards, to be a violation of article 355 of the Penal Code, must be played in such houses as are therein contemplated; and the indictment should have alleged facts which showed the gaming investigated by the grand jury was an offense against the law, in order to render the testimony material. If such playing occurred in a private residence, no offense would be committed, unless such private residence was a place for retailing intoxicating liquors. Penal Code, articles 355, 356. Investigations of grand juries should only be directed to violations of law. Statements of persons testifying before such bodies, unless material in some respects to such investigations, can not be the basis of perjury. The oath there administered, and testimony given in obedience to such oath, is required for the 'ends of public justice,' and the materiality of such evidence, when given, must be measured by the subject matter under investigation. If the matter being investigated is innocent of the law, then the statement should not be held materially false, though in fact it was untrue."

Our gaming statute has been materially changed since that opinion. It is now an offense to play cards whether anything is bet thereon or not, at *any* place "except a private residence occupied by a family." (P. C., 548.) The indictment herein, as quoted above, plainly avers, among other things, that by what he said, he meant to say, state and swear, and did thereby say, state and swear, that he had not in Comanche County played at any game with cards at any place other than a private residence occupied by a family within the last two years; and that he had not played such games with cards with the said several persons at the several times and places alleged therein, thereby supplying the very thing omitted in the Weaver case, and completely in compliance with what is held therein.

So of the case of Moore v. State, 32 Texas Crim. Rep., 405, next cited by appellant. The only thing decided in that case in any way bearing on this is: "The indictment contains but one count in which perjury is assigned upon two statements made to the grand jury at the same time in regard to the same subject matter. It is so well settled in this State that proof of the falsity of either statement if the statements are both materially and properly assigned as was the case in this prosecution, will support a general verdict that we deem it unnecessary to discuss the question."

In another case cited by him, Donohoe v. State, 14 Texas Crim. App., 638, as we understand it, is exactly applicable in this case and is against, instead of for, appellant. It is needless to discuss the other cases cited by him.

As to his second ground. We think, without doubt, the allegations are not susceptible of the construction he claims, but, instead, it clearly and without doubt shows that they were restricting their investigations to card playing in Comanche County only and excluding such games therein as may have been played at a private residence occupied by a

family. A mere reading of the indictment, we think, demonstrates this and it is unnecessary to discuss it.

As to his third ground. We think his contention is equally without support so far as the allegations of the indictment are concerned. The language he is alleged to use was, "I have never played a game of cards in the last two years." We think from this clearly could be alleged each and everything that is alleged in the indictment that he meant, which were included in the charge of the court. The court in his charge eliminated all those matters which we have enclosed in parentheses thus ( ) in copying the indictment above. Donohoe v. State, supra. If the statement had been true, that he "had never played a game of cards in the last two years," then he would not have committed perjury in so swearing, and it is a most reasonable allegation from what he did say, that he had never played cards in Comanche County with any person or persons at any time or place not at a private residence occupied by a family.

As to his fourth ground. It was not necessary for the indictment to allege the places and several times he played such games, nor that he did not know that they were not in a residence occupied by a family. That was a matter of proof wholly unnecessary to allege.

So his fifth ground is wholly untenable. It is unnecessary to discuss it.

Because of the fatal omission in the indictment of the one necessary allegation above pointed out, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*

DAVIDSON, JUDGE.—I concur in the reversal, but further believe there are other fatal defects which render the indictment wholly vicious. Some of these are discussed in Scott v. State, this day decided; some of the other questions are not. I deem it hardly necessary now to discuss the remaining questions.