EARL BELL v. THE STATE.

No. 6528.  Decided December 7, 1921.

**Perjury—Indictment—Materiality of Statement.**

Where, upon trial of perjury, the motion to quash the indictment for the reason that there was a failure to aver that the alleged false statement

was material to the matter under investigation, the indictment revealed that the criticism was correct, the judgment must be reversed and the cause dismissed.

Appeal from the District Court of Comanche. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hampton, Harris & Hampton,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for perjury. Penalty two years imprisonment in penitentiary.

Motion to quash the indictment was made for the reason, among others, that there was a failure to aver that the alleged false statement was material to the matter under investigation. The indictment reveals the justness of the criticism, and the Assistant Attorney General confesses error under authority of Bell v. State, 75 Texas Crim. Rep., 401, 171 S. W. Rep., 239; Scott v. State, 75 Texas Crim. Rep., 396, 171 S. W. Rep., 243; Adamson v. State, 90 Texas Crim Rep., 221 (No. 6425, opinion delivered November 2, 1921, not yet reported); Highshaw v. State, 90 Texas Crim. Rep., 200 (opinion delivered October 26, 1921, not yet reported).

Judgment of the trial court is reversed, and prosecution ordered dismissed under the present indictment.

*Reversed and dismissed.*