## THE STATE v. MARY ABNEY and CLIFTON GIDEON, Appellants.

### Division Two, December 22, 1925.

1. **VENUE:** Larceny: In Another County. Under the statute (Sec. 3724, R. S. 1919) persons who steal hogs in one county may be indicted for the larceny in the county into which they bring the stolen property.

2. **LARCENY:** Ownership: Replevin. In the trial of a defendant charged with having stolen a hog it is error to permit the State to prove that, after the prosecuting witness had found the hog and taken it home and defendant had thereupon brought an action of replevin, the jury at the trial of the replevin suit returned a verdict for the prosecuting witness. The civil action of replevin was a matter between other parties, and the issues and burden of proof are widely different from those in the criminal action.

3. ———: ———: Insufficient Evidence. The evidence in this case, wherein defendants were convicted of stealing a hog, establishes at most only a case of mistaken identity and shows no criminal intent, and leads to the conclusion that the verdict was a gross miscarriage of justice, and the judgment is reversed, and the defendants discharged.

Corpus Juris-Cyc. References: Larceny, 36 C. J., Section 264, p. 810, n. 3; Section 353, p. 846, n. 48; Section 367, p. 849, n. 8; Section 419, p. 866, n. 20; Section 453, p. 885, n. 93; Section 482 p. 899, n. 32.

Appeal from Stone Circuit Court.—*Hon. Fred Stewart,* Judge.

REVERSED.

*Moore, Farrar & Moore* for appellant.

(1) The court erred in admitting any evidence as to a replevin suit and especially as to the outcome of said replevin suit. (2) The court erred in admitting evidence showing that one Mary Cornelison, once owned a sow pig, when all evidence showed the witnesses knew nothing about what kind of a hog she owned when she lived on Mrs. Abney's place. (3) Also the court erred

in submitting the question of unlawfully and feloniously stealing, because all the record shows there was not any felonious intent.

*Robert W. Otto,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

(1) The information is good. Sec. 3312, R. S. 1919; State v. Swearengin, 234 Mo. 551. (2) Appellants complain of the admission of evidence regarding a replevin suit relative to the ownership of the hog. (a) There is no merit in this complaint, as the record shows appellants brought out the testimony complained of themselves. (b) Testimony that Mary Cornelison owned only one hog, and that a sow, at the time defendant Abney stated she traded for the male hog from Mary Cornelison was admitted in rebuttal, and correctly so as contradictory of defendant Abney's testimony. (3) The facts in evidence were sufficient to raise an issue for the jury and amply sustain the verdict of guilty. State v. Hembree, 242 S. W. 914.

HIGBEE, C.—The record in this case shows that on March 10, 1925, the following proceedings were had in the Circuit Court of Stone County: An amended information was filed, charging the defendants with grand larceny; a motion to quash the information was filed and overruled; the case was tried to a jury, resulting in a verdict finding the defendants guilty as charged in the information and assessing the punishment of each at two years' imprisonment in the State Penitentiary. Motions for new trial and in arrest were filed and overruled. Whereupon the court pronounced sentence in accordance with the verdict, from which an appeal was allowed to this court. Many witnesses were examined during the trial; it was concluded and the defendants were sentenced in one day.

The amended information charges that the defendants, on the—day of January, 1925, at the county of

Stone, stole one black barrow hog, weighing about 200 pounds, the property of George B. Dickson, from the premises of George B. Dickson. A motion to quash this information was overruled, but it is not preserved in the bill of exceptions. We think the information sufficiently charges the larceny of the hog.

The theory of the State is that the defendants stole the hog in Taney County and took it into Stone County. It is provided by Section 3724, Revised Statutes 1919, that when property stolen in one county and brought into another shall have been taken by larceny, burglary or robbery, the offender may be indicted in the county into which such stolen property was brought, in the same manner as if such larceny, burglary or robbery had been committed in that county.

The evidence for the State is that Dickson, the prosecuting witness, raised a two-year-old Poland-China male hog; that it was crippled when about six months old, so that it wobbled about in walking, and that it wandered away from his premises in November, 1924; that the defendants hauled it and other hogs from Taney County to market at Reeds Spring in Stone County on January 8, 1925; that they could not sell this hog because it was crippled. The evidence is that it had been recently ear-marked and castrated. Dickson being informed that the hog was at Reeds Spring, got it and took it home, whereupon Mrs. Abney replevied it and took it to her premises.

Over the objection of the defendants, the court permitted the State to prove that at the trial of the action in replevin, the jury returned a verdict for the defendant Dickson. Complaint is made of this in the motion for new trial. The State maintained that the verdict was an adjudication of the title adversely to the claim of Mrs. Abney. Mrs. Abney very clearly proved that she bought a black Poland-China boar pig from Mrs. Cornelison *three years* before the trial; that she had it ear-marked eighteen months before the trial and that she took it up in August, 1924, had it castrated in September, and kept

it confined on her premises in a pen by the roadside until January 8, 1925, when she had John LaRue haul it with other hogs to market at Reeds Spring; that it was not crippled. The was shown by the constable who took the hog from Dickson on the writ of replevin, and by many other witnesses. The evidence strongly tends to prove a case of mistaken identity and nothing more. The case as to the ownership of the hog was at least very close on the evidence and would appear to be so even if this were a civil action. In this situation the State was allowed to prove the verdict of the jury in the action for replevin as adjudicating the property rights of the parties. The action of replevin was *res inter alias acta;* the issues and burden of proof were widely different from those in the instant one. No doubt the jury regarded the finding of the jury as determinative of the question of title; otherwise, it is difficult to account for the verdict. A careful consideration of the evidence leads us to the conclusion that the verdict was a gross miscarriage of justice.

Futhermore, the State proved that at the preliminary examination of the defendants, Mrs. Cornelison testified that she sold a hog to Mrs. Abney. The defendants proved by several witnesses that Mrs. Abney bought the Poland-China boar in controversy from Mrs. Cornelison three years before the date of the trial, a year before Dickson's pig was littered, when Mrs. Cornelison lived on Mrs. Abney's place. That Mrs. Abney bought a black Poland-China boar from Mrs. Cornelison at the time stated is uncontradicted. The court, over the objection of the defendants, allowed the State to prove that at a later date, when Mrs. Cornelison lived at another place, she had but one hog, a sow pig, that she killed and ate it, and had no pig to sell to Mrs. Abney. No exception was saved, but coming as it did at the conclusion of the evidence in rebuttal, it was calculated greatly to prejudice the case for the defendants.

In State v. Marshall, 47 Mo. 1. c. 381, BLISS, J., said: "But while I think the information sufficient, and in some respects excellent, I cannot reconcile the conviction

State v. Abney.

of defendant with the evidence. In criminal cases this court has always felt under obligation to examine the record and direct a new trial if the conviction is not warranted by the evidence. [State v. Bird, 1 Mo. 585; State v. Mansfield, 41 Mo. 470.] It does not affirmatively appear that the prosecution of the action of unlawful detainer was not made in good faith, and that defendant knew, when he made the necessary affidavit, that he had no right to the possession of the premises.''

Assuming that the hog belonged to the prosecuting witness, there is not a syllable of evidence tending to prove that the defendants knew that the hog which they hauled into Stone County was Dickson's hog or that he even claimed it. On the contrary, the record teems with evidence that Mrs. Abney and her son in good faith believed it was her hog, and that her neighbors recognized her ownership. On the evidence the case went to the jury solely on the question of ownership. There was no attempt to prove the *animus furandi*. The judgment is therefore reversed and the defendants discharged. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur, except *Blair, J.,* who votes to reverse and remand.