### No. 4794.

### STATE OF LOUISIANA v. HENRY GIBSON.

The indictment for perjury in this case is fatally defective. It does not charge that the question which the defendant is alleged to have answered falsely was material to the case then being examined by the grand jury. It does not set forth the substance of the offense; nor charge that the defendant willfully made oath to a statement of material fact, which statement was false.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn*, J. Criminal case. *J. Pierson*, for defendant and appellant. *J. Bossier*, District Attorney pro tem., for the State, appellee.

WYLY, J. The defendant having been convicted of perjury appeals from the judgment sentencing him to hard labor for five years in the penitentiary.

The indictment charges: "That Henry Gibson, late of the parish aforesaid, on the fourteenth day of August, 1873, with force and arms,

in the parish, district, and State aforesaid, and within the jurisdiction of the Ninth Judicial District Court, while under oath as a witness before the grand jury, the oath requiled by law having been duly administered by J. A. Ducourneau, foreman of the grand jury, who had authority by law to administer said oath, and said Henry Gibson while so under oath and being questioned on certain matters under investigation in the case of the State *v.* Wheeler, stated falsely while so under oath, that he knew nothing about the hauling of any cotton from the warehouse of Belzare Slorens on or about the ninth day of November, 1872, and so the grand jury aforesaid, upon their oath aforesaid, do present that the said Henry Gibson, a witness before the grand jury as aforesaid, the foreman, J. A. Ducourneau, having sufficient authority to administer said oath, said Henry Gibson did in manner and form aforesaid, then and there commit willful and corrupt perjury contrary to the form," etc.

This indictment is fatally defective. It does not charge that the question which the defendant is alleged to have answered falsely was material to the case then being examined by the grand jury. It does not set forth the substance of the offense, nor charge that the defendant willfully made oath to a statement of material fact, which statement was false. Archibold, Criminal Pleading, vol. 3 page 592–12.

The motion in arrest of judgment should therefore be maintained.

It is therefore ordered that the judgment against the defendant be annulled and reversed, that the indictment herein be set aside.