THE STATE v. MOONEY, APPELLANT.

1. **Perjury**: MATERIAL ISSUE: CONFLICTING TESTIMONY ON DIFFERENT TRIALS. A person is guilty of perjury, who willfully, corruptly and falsely testifies upon the trial of a case that he has not made a certain statement concerning a matter material to the case, although the statement was made by him as a witness on the trial of another case in which it was immaterial.

2. **Action**: CONTRACT: DEMAND. An action does not lie for the value of wheat which is to be delivered when threshed, until demand has been made for the wheat.

*Appeal from Andrew Circuit Court*—HON. H. S. KELLY, Judge.

*William Heren* for appellant.

Where a party has sworn contrary ways at different

times, it must be expressly charged and shown in such case which was the false oath and on which occasion he swore willfully, falsely and corruptly.

*Wharton's Prec.* (Perjury) 577, 578, 926.

*J. L. Smith*, Attorney General, for the State.

It is not necessary to constitute the crime of perjury that the evidence given should be material to the matter before the court; it is sufficient if it be material to any collateral matter or inquiry. *State v. Lavalley*, 9 Mo. 824.

HENRY, J.—We think the indictment good, both in form and substance, and that it is distinctly alleged therein, that the perjury was committed on the trial of the cause between the parties, in the Justices' Court on the 29th day of August, 1873.

Whether or not the item of thirteen and one half bushels of wheat was embraced in the account which was the foundation of the suit tried on the 9th of August, 1873, between defendant and Henry C. Wright, is of no consequence, for if he testified in a suit in which it was immaterial that he did not owe the wheat, and afterwards in another suit it became a material question whether he owed the wheat, and he then testified that he did not on the former trial testify that he owed it, he committed perjury, if on the latter trial, he so testified willfully and corruptly, because his testimony in regard to what he formerly testified was then relevant and material. If he had made that statement, not under the sanction of an oath, and afterwards on the trial of a cause in which it became a material question whether he had made such statement, willfully and corruptly testified that he made no such statement, he would have been guilty of perjury.

1. PERJURY: Material issue: Conflicting testimony on different trials.

The court, in its instructions, properly declared the law to the jury. The only one asked by defendant and refused by the court was his fourth instruction, in which he asked the court to declare: "That there was no proper count in said indictment upon which an assignment could be laid as to a demand of the wheat by Wright of the defendant, and no evidence before the jury that a demand of wheat by Wright from defendant was a material issue for trial between Wright and defendant." The evidence tended to show that defendant owed Wright thirteen and one-half bushels of wheat, payable in kind when threshed, and to enable Wright to recover the value of the wheat in an action against defendant, it was necessary for him to prove a demand made for the wheat before the commencement of his action. *Weil et al. v. Tyler et al.*, garnishees, 38 Mo. 545, and cases there cited. Sec. 34, Wag. Stat., page 347, does not apply to such a case. The judgment of the circuit court is affirmed. All concur.                    AFFIRMED.

*2. ACTION; contract, demand.* (margin note)