FREDERICK C. BRAEUTIGAM v. THE STATE.

Submitted July 12, 1898—Decided February 27, 1899.

An indictment that charges the defendant with perjury by taking and filing a false affidavit with respect to a material question pending for trial in an action upon contract in a court of competent jurisdiction describes no offence, inasmuch as, under the circumstances, an affidavit could have no probative force.

On *certiorari* to the Monmouth Quarter Sessions.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *R. T. & W. B. Stout.*

For the defendant, *Wilbur A. Heisley,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J. An indictment for perjury having been brought into this court by a writ of *certiorari,* a motion is now made that it be quashed. The motion must prevail. That which is charged does not constitute an offence, while the offence that is probably meant is not charged.

The averment of the indictment is that a certain suit at law in an action upon contract against the defendant was pending in a court competent to try the cause, and that thereupon, with respect to a material question between the parties, the defendant made a false affidavit and filed it with the clerk of the court. Inasmuch as, for the only purpose thus disclosed, viz., the trial of a material question in an action at law, affidavits are devoid of all probative force, the crime of perjury is not alleged. It is to be gathered from the case and briefs that the oath of the defendant was taken in connection with some matter of pleading or practice and not with respect to any material question that was pending for

trial. If this be so the nineteenth section of the Crimes act, and not the seventeenth, would seem to suggest the essential averments. It is earnestly suggested that in framing an indictment the defendant should be told in plain English what he is charged with. His constitutional right is to be "informed of the nature and cause of the accusation" against him. This calls for a succinct statement of the real charge, not for the employment of a vague formula, however venerable. A notable illustration of this maladroit method of pleading is *Linden Park Association* v. *State*, 26 *Vroom* 557, in which the indictment charged the defendant with almost every sort of conduct that could constitute a disorderly house except gambling, which was the only thing of which the defendant was accused. The opinion of Chief Justice Beasley in that case should be the criminal pleader's *vade mecum.*

Let this indictment be quashed.