R. L. GEORGE V. THE STATE.

No. 1730.   Decided March 22, 1899.

Motion for Rehearing Decided May 31, 1899.

1. Perjury—Indictment—Materiality.

An indictment for perjury is sufficient, and is assigned upon material matter, which alleges that defendant, who, as a witness in a prosecution of a third party for assault with intent to rob, was asked if he had not stated on the morning after the assault, to and in presence of certain named parties, that the person making the said assault to rob was a large man, etc., and that defendant deliberately and willfully denied that he did make such statement; whereas in truth and in fact, he did make the statement to said parties, and that the said statement was material to the issue in said criminal prosecution, and was willfully and deliberately false.

2. Same—Unsworn Statement.

An indictment for perjury which charged that defendant had, as a witness in a criminal prosecution of a party charged with assault to rob, upon his oath denied that he had made certain statements to third parties as to the size of the party attempting the robbery, and which directly traverses his sworn denial, avers sufficiently a proper assignment for perjury based upon his testimony as a witness, and not upon his unsworn statement to said third parties.

ON MOTION FOR REHEARING.

3. Perjury—Indictment—Materiality.

An indictment for perjury is assigned upon a material matter which avers that defendant, as a witness in a criminal prosecution for assault with intent to rob, had, as a witness, deliberately, willfully, and falsely denied certain statements made by him to third parties, the morning after said assault, as to the size of the party.

APPEAL from the District Court of Stephens.   Tried below before Hon. T. H. CONNER.

Appeal from a conviction for perjury; penalty, two years imprisonment in the penitentiary.

Omitting formal portions, the charging part of the indictment is as follows: "Whereupon it then and there became and was a material inquiry before said judge and jury in the trial of said judicial proceeding whether the said R. L. George, Jr., who was present when the assault, alleged to have been made upon H. C. Walker by Dan Jones, was made, stated to E. J. Ward, and in the presence of said E. J. Ward, on the morning following the commission of said assault, that the party who made said assault upon H. C. Walker was a large man, and whether the said R. L. George, Jr., on the morning after said assault was alleged to have been committed on H. C. Walker, stated to A. J. Ward, E. J. Ward, J. W. Ray, and Charley Morris that the party who made the assault was a large man, and about the size of Henry Green, and the said R. L. George, Jr., did then and there, before said judge and jury, upon the trial of said cause, under the sanction of said oath administered to him as aforesaid, willfully and deliberately state and testify that he did not in the presence of E. J. Ward and to E. J. Ward, on the morning following the commission of said assault, state that the party who made said assault upon H. C. Walker was a large man; that he did not state

to A. J. Ward, E. J. Ward, J. W. Ray, and Charley Morris that the party who made the assault was a large man and about the size of Henry Green, and which said statement was material to the issue in said cause; whereas, in truth and in fact, the said R. L. George, Jr., did state to E. J. Ward, and in the presence of E. J. Ward, on the morning following the commission of said assault, that the party who made said assault upon H. C. Walker was a large man, and the said R. L. George, Jr., on the morning after said assault was alleged to have been committed on H. C. Walker, did state to A. J. Ward, E. J. Ward, J. W. Ray, and Charley Morris that the party who made the assault was a large man about the size of Henry Green, which said statements so made by the said R. L. George, Jr., as aforesaid, were willfully and deliberately false, and the said R. L. George, Jr., knew the same to be false when he made them; against the peace and dignity of the State."

Defendant made a motion to quash the indictment, which motion to quash is copied in the opinion.

*J. W. Crudgington, W. P. Sebastian,* and *Wm. Veal & Son,* for appellant.—As to the insufficiency of the indictment, they cited Misener v. State, 34 Texas Crim. Rep., 588; Agar v. State, 29 Texas Crim. App., 605; Brooks v. State, 29 Texas Crim. App., 582; Waters v. State, 30 Texas Crim. App., 284; 1 Greenl. Ev., sec. 259; 2 Whart. Crim. Law, sec. 1005; 2 Bish. Crim. Law., sec. 1044.

*W. R. Parker,* on motion for rehearing, also filed an able brief for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years, and he appeals.

Appellant made a motion to quash the indictment on the ground "that the same charged no offense against the laws of the State, in that said indictment shows upon its face that the statement assigned as perjury was an immaterial statement, or a statement concerning an immaterial matter, not affecting any issue involved in the trial of the case on the trial of which said perjury is alleged to have been committed; (2) that the statement in said indictment alleged as perjury is, as shown by the indictment, the denial of a statement made when the defendant is not alleged to have been under oath, and no denial thereof under oath will, under the law, support an assignment of perjury." We have examined the indictment critically, and, in our opinion, it is sufficient. The gist of the charge, as we understand from the indictment, is that the appellant in this case was a witness in a certain case in which the State of Texas was plaintiff and Dan Jones was defendant, on a charge of an assault with intent to commit robbery. On the trial of said case, appel-

lant appears to have been a witness for said Jones, and, among other things, testified that the man who assaulted one Walker was a small man; the evidence being that the said Jones was a large man, and the effect of his testimony being to show that it could not have been Dan Jones. On the cross-examination, as a predicate for his impeachment, he was asked if he did not state, in the presence of certain parties named in the indictment, and at a certain time and place, to wit, on the morn-ing after the alleged commission of said assault, that the party who made said assault upon said H. C. Walker was a large man. This he de-nied, stating that he did not so state. On this predicate the perjury was assigned. The testimony of appellant on the trial of the Jones case was upon a material matter; that is, he testified to a fact tending to show that it could not have been Jones who committed the assault with in-tent to rob, because Jones was a large man, and the party, according to his evidence, who made the assault, was a small man. Now, it was competent for the State to show that he had made a statement contra-dictory to this, and such contradictory statement was material, and he could be impeached on the same; and we understand the indictment to lay the predicate upon said false statement in a logical method. It was not basing the perjury upon the unsworn statement, but upon the sworn testimony of appellant; that is, he swore on the trial of the Jones case that he had never stated to the parties named, and on the occasion referred to, that the party making the assault was a large man. It was competent to contradict him upon this issue, which was done in the trial of the Jones case, and, it being upon a material issue, it was competent to base a prosecution for perjury upon said false statement.

We have carefully examined the record, and, in our opinion, the evi-dence amply supports the finding of the jury. The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.

ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case was decided at the Dallas term and comes before us on motion for rehearing. Appellant contends that the court committed an error in holding that the predicate assigned for the perjury was sufficient, the predicate for the perjury alleged in the indictment being in this wise: That one Dan Jones was on trial for assault to rob, and defendant R. L. George, whom it was claimed was present at the time of the robbery, was then and there introduced as a witness in behalf of the defendant, and the defendant proved by him that the man who committed the assault was a small man; it being in that connection shown that Dan Jones, who was then on trial, was a large man. On cross-examination the State asked the witness if he did not state, at a time and place named, on the morning after the assault, to A. J. Ward and others, that the party who made the assault was a large man, and about the size of Henry Green; to which the witness

:answered "No." Now, it is claimed by appellant that this answer of the witness, on which the perjury in this case is assigned, was not a material matter in the trial of said Dan Jones; it being insisted that it was not in anywise calculated to influence the tribunal. We can not agree to this contention. Appellant swore to a very material fact in the Dan Jones case when he testified that the party who made the assault to rob was a small man, and it was competent for the State to impeach him on this testimony. What he may have said to others in contravention of his testimony given on the trial as to the size of the party committing the assault was material. While his testimony remained before the jury unimpeached, it was very material on behalf of the defendant, as it served to influence the tribunal in his favor in that case. If, on the other hand, the State should be enabled to impeach him, the impeaching testimony was material, as it served the purpose of destroying his defense, and so was calculated to influence the tribunal in favor ·of the State. When the witness answered that he had not made the statement to the parties inquired about that the party committing the assault was a large man, he stated a fact that was material to be inquired about. If it remained uncontradicted, of course his testimony would be unimpaired; but, if the State should contradict him on this matter, it would serve to impair his testimony before the jury; and his testimony before the jury, as stated before, was upon a very material issue in the case. State v. Mooney, 65 Mo., 494; Williams v. State, 68 Ala., .551. The motion for rehearing is overruled.

*Motion overruled.*