### J. B. MILLER v. THE STATE.

No. 2518. Decided December 18, 1901.

**1.—Subornation of Perjury—Indictment.**

An indictment for subornation of perjury of a witness before the grand jury, to be sufficient, should allege directly and positively the materiality of the testimony of the witness, or state enough of the facts and circumstances of the matter inquired of by the grand jury to manifest its materiality. It was not sufficient to simply allege that it was a material question "whether" the witness was in a certain county and saw the matters stated, where there are no circumstances set out showing the materiality of the evidence.

**2.—Same—Descriptive Allegations—Proof of—Charge.**

In an indictment for subornation of perjury, the matters of inducement alleged as descriptive of the offense must be proved as laid, and it is error for the court to fail or refuse to so charge the jury..

Appeal from the District Court of Hardeman, on change of venue from Collingsworth County. Tried below before Hon. G. A. Brown.

Appeal from a conviction of subornation of perjury; penalty, five years imprisonment in the penitentiary.

No statement required.

*Fires & Decker,* for appellant, filed an able brief in the case.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was indicted and con-
victed for subornation of perjury, and his punishment assessed at con-
finement in the penitentiary for a term of five years.

The indictment was returned in Collingsworth County and, on change
of venue, tried in Hardeman County. Motion was made to quash the
indictment for various reasons, in that it does not charge perjury on the
part of Earp, who is charged to have been suborned by appellant, because
it fails to allege the materiality of the testimony of Earp before the
grand jury. It is alleged that it was a material question to know
"whether" Earp was in the county of Collingsworth on the 16th day of
January, and "whether" he heard certain gunshots near the residence
of William Janes, while said Earp was on a road on the 16th of January,
and "whether" Earp, after hearing said shots, and after traveling about
a mile on said road, had seen two men come out of a pasture from the
direction of said Janes', on horseback, and cross the road, in front of
said Earp, and "whether," on the 1st of November, he saw L. R.
Beaseley and Will Holmes in the town of Wellington, Collingsworth
County, and identified them as the two men he saw across the road in
front of him. The indictment then alleges that Earp falsely testi-
fied before the grand jury that he was in Collingsworth County on
the 16th of January, and was on a certain road near the residence of
Janes, and that he heard certain gunshots fired near the residence
of said Janes, and that thereafter, after he had traveled about a mile,
he saw two men cross a road coming out of a pasture, and that
afterwards, in November, he saw Beaseley and Holmes in Wellington
and identified them as the two men he saw cross the road in front of
him; and that said testimony was false, but does not allege its materiality.
The only materiality alleged in the indictment as to the perjury is
"whether" Earp was in Collingsworth County at the point designated,
and witnessed the matters stated; and these are charged in the alternative.
It is not stated that the testimony given by Earp before the grand jury
was material. Whether the presence of Earp in Collingsworth County
at the time and place designated, and that he witnessed the matters about
which he testified, was material or not, would depend upon circumstances.
If the indictment had alleged that the testimony given before the grand
jury was material to some issue, this general allegation might have been
sufficient. In the absence of this character of allegation, then enough of
the facts and circumstances of the matter inquired about by the grand jury
should have been stated to manifest its materiality. If it was intended
to charge only that, as a material question, Earp was in Collingsworth
County, it would not be manifestly material; because, if the two men
about which Earp testified as crossing the road ahead of him were in fact
Beaseley and Holmes, and they did in fact cross the road, as indicated,
and that was a material question, then this indictment is insufficient to
charge appellant with swearing as a truth a matter of which he was un-
acquainted. Maddox v. State, 28 Texas Crim. App., 533. If the allega-
tion of materiality was intended to cover the alternate allegation, whether

Earp was in Collingsworth County, it is not sufficient, because the assignments of perjury must be direct and positive. Tested by our authorities, this indictment is insufficient. Maddox v. State, supra; Buller v. State, 33 Texas Crim. Rep., 551; McMurtry v. State, 38 Texas Crim. Rep., 521. That portion of the indictment which sought to connect defendant with Earp, in holding out the inducement to Earp to commit perjury, charges that defendant promised to pay the said Earp $75 in money if he (Earp) would give the alleged false testimony before the grand jury, and that he did in fact pay Earp $25 in money to induce him to so testify. The court charged the jury that, if they found defendant knowingly and designedly induced Earp to commit perjury, as charged in the indictment, then it would be immaterial whether or not defendant promised Earp any money, as charged in the indictment, and it would be immaterial whether Earp did or did not receive any money whatever from appellant, if he committed the offense of perjury as charged, and said Miller did knowingly and designedly induce said Earp so to do. Without going into the question as to whether it was necessary to charge this as the means of inducing Earp to commit the perjury, suffice it to say that this was alleged as the inducement. Whether or not it was unnecessary, it was so charged, and was descriptive of the offense, and this was one of the inducements on the part of appellant to secure the perjury of Earp; and, being such, it was necessary for the court to charge the jury that this matter should be proved as laid. Defendant asked special instructions to this effect, which were refused, and exception reserved to the action of the court in both respects. Watson v. State, 5 Texas Crim. App., 11.

Because the indictment is not sufficient, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*