## PINK ROSEBUD v. THE STATE.

### No. 3468.  Decided December 12, 1906.

**1.—Perjury—Indictment—Allegation of Materiality of Testimony.**

That which constitutes the basis for perjury must always be the material matter; and this must always be alleged to be material; it is not sufficient to allege in an indictment for perjury that the issue to be tried was material, but the fact the witness swore to and which constituted the perjury, must be charged to be material.

**2.—Same—Motion for New Trial—Indictment—Motion to Quash.**

Where the perjury alleged in the indictment was predicated on what the witness swore to in the motion for new trial, the materiality of this matter should have been alleged, and the failure to do so was proper ground for quashing the indictment.

**3.—Same—Attorney and Client—Confidential Communication.**

Confidential communications between attorney and client are not admissible in evidence, and this rule extends so as to include a witness or friend who acted with the attorney for his client; and where the record showed that the appellant, who was convicted of perjury, came to an attorney to aid him in procuring a new trial for his client, the communications which were thereon made by appellant to said attorney were inadmissible in evidence.

Appeal from the District Court of Guadalupe.  Tried below before the Hon. M. Kennon.

Appeal from a conviction of perjury; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*P. E. Campbell,* for appellant.—On question of indictment: Smith v. State, 1 Texas Crim. App., 623; Washington v. State, 22 Texas Crim. App., 32.  On question of confidential communications between attorney and client: Hernandez v. State, 18 Texas Crim. App., 152; Taylor v. Hatch, 12 Johns. (N. Y.), 340.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment fixed at three years confinement in the penitentiary, hence this appeal.

Appellant made a motion to quash the indictment because the materiality of the alleged false testimony was not charged in the indictment.  It appears that the perjury was predicated on what the witness Pink Rosebud swore to in the application for new trial, in the case of the State of Texas v. Ed McIntyre, charged with an assault with intent to murder, and who had been convicted for said offense.  The portion of said motion constituting the predicate, is as follows: "I further swear that I heard the said Hattie Hogan tell the Hon. W. M. Atkinson, district attorney of Guadalupe County, that she did not know anything about Jim McIntyre going over to the house of Ida

Phillips, and while there attempting to persuade Lem McIntyre to take the shooting of Charles Cunningham upon himself, and that they would get him, the said Lem McIntyre, out of it, if he would state that he had shot the said Charles Cunningham." This statement in the indictment is not alleged to be material. However, in the preceding part of the indictment, it is alleged that it was a material inquiry whether one Hattie Hogan, knew that Jim McIntyre had gone to the house of Ida Phillips after the alleged assault upon the said Charles Cunningham, by the said Ed McIntyre, and while there attempt to persuade Lem McIntyre to take the shooting of Charles Cunningham upon himself, and that they would get him, the said Lem McIntyre, out of it, if he would state that he had shot the said Charles Cunningham. This latter statement which is as above stated, charged to be material is not the statement sworn to by this appellant in the motion for new trial, nor is it tantamount to said statement. What Hattie Hogan knew as alleged in the indictment about this matter, could not be as to this appellant a material inquiry. What he swore to in the motion for new trial, which constituted the basis for the perjury, must always be the material matter. We emphasize here, that this must always be alleged to be material. It is not sufficient to allege that the issue to be tried was material, but the fact the witness swore to and which constitutes the perjury, must be charged to be material. McMurtry v. State, 38 Texas Crim. Rep., 521; Buller v. State, 28 S. W. Rep., 465; Morris v. State, 11 Texas Ct. Rep., 827. Evidently the materiality of the alleged false statement made in the application for new trial was of an impeaching character, that is, to impeach the witness Hattie Hogan, because this matter is traversed in the indictment,—it being alleged that the said Hattie Hogan did not tell the said district attorney what the witness (this appellant) is charged to have sworn that he heard her tell. This being properly alleged, might of course constitute the basis for the accusation of perjury. George v. State, 40 Texas Crim. Rep.; 646. The court should have quashed the indictment because of the failure to allege the materiality of what said appellant should have sworn to in the motion for new trial.

Appellant raises another very serious question, that is, the admission by the court of the testimony of Adolph Seideman, as to his reading over to appellant, Pink Rosebud, the affidavit made by him to be appended to the motion for new trial, and explaining to him its contents. Said affidavit being signed by said appellant with his mark. It was further shown in this connection that said Seideman, before whom the affidavit was made, was also the lawyer in the case of the State of Texas v. Ed McIntyre, and that this appellant came to him on behalf of said McIntyre, to aid him in procuring a new trial for said McIntyre, and that his communications were made to Seideman as Ed McIntyre's attorney. The objection made to this testimony was that the same was confidential communication between attorney

and client, and that this rule extended so as to include a witness or friend who acted with the attorney for his client. This exact question came before this court in Hernandez v. State, 18 Texas Crim. App., 152, and the doctrine contended for by appellant was recognized in that decision. This testimony should not have been admitted.

Because the indictment is defective, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.