BREAUX, C. J.
The state appealed from a judgment containing a motion in arrest of judgment, and asked that the judgment quashing the indictment be reversed, the court be ordered to reinstate the verdict, and that sentence be pronounced.
The defendant had been found guilty of perjury. The bill of information charged that on the 4th day of January in the year of our Lord 1913, he had feloniously committed corrupt perjury in the case of State v. Murrough, No. 6,095 of the district court; that the felonious, corrupt, and perjured evidence given by Murrough was on a material issue involved in the case on trial before the district court, in that Murrough did corruptly, feloniously, willfully, and positively swear under oath as aforesaid that he did not at any time approach the witness Willie Williams and endeavor to persuade and influence him to swear to a lie and commit willful and corrupt perjury in his (Murrough’s) behalf.
On “a material issue involved” in the case are the words of the indictment. To thus limit the crime charged can only lead to confusion. It is true that the crime may be charged in the words of the law, or that it is sufficient to set forth the facts constituting the alleged crime of perjury. But after thus charging an accused, the crime as laid should not be limited by using language that has a limited effect, particularly if such limitation serves no purpose. The question at issue relates exclusively to the indictment, and not to the sufficiency of evidence; they are different, and one should not attempt to apply rules laid down as to the evidence only and its sufficiency vel non in the indictment. The issue in this instance relates exclusively to the insufficiency of the indictment.
The indictment should inform the defendant in plain, unequivocal words of the crime he is charged with having committed.
Mr. Wharton in his valuable work suggests that each point should be distinctly shown (7th Ed., p. 2234); also that it should be alleged that the false oath was material on the trial of the issues upon which it was taken — not, we take it, that it was a material issue, but that it was material on the trial of the issues, and not on a material issue.
While technicalities are not particularly to be favored, yet in criminal cases the rules of pleading should be followed.
The fact which the witness swore to and which constitutes the perjury must be charged to have been material. Rosebud v. State, 50 Tex. Cr. R. 475, 98 S. W. 858.
It is sufficient to swear to the materiality *658 of the evidence. State v. Gonsoulin, 42 La. Ann. 580, 7 South. 633.
That it was material to the issue, not that It was a material issue.
Materiality must be shown in the indictment (Hembree v. State, 52 Ga; 242, 1 American Criminal Reports, 504-506), and not only that the alleged false oath was a material issue of the ease.
The court so held in Braeutigam v. State, 63 N. J. Law, 38, 42 Atl. 748.
It is to be gathered from the case and briefs in the last-cited case that the oath of defendant was taken in connection with some matter of pleading or practice, and not with respect to any material question that was pending for' trial.
The indictment was held bad.
There is necessity for averring materiality in general, and not restricting the charge to a fact, particularly as there was no necessity for curtailing it. Considering the false oath alleged to have been made, there was no necessity of alleging that it related to a material issue involved in the case, as it is very evident it is to be considered, if considered at all, as evidence material to the issue. The alleged false statement must be material to the issue. State v. Gibson, 26 La. Ann. 71.
For reasons stated, the judgment is affirmed.