## WALTER SCOTT v. THE STATE.

### No. 3230. Decided November 25, 1914.

**1.—Perjury—Indictment—Material Allegation.**

Where, upon trial of perjury, the indictment did not allege, directly or indirectly, that the alleged false statement was material to the issue, the same was fatally defective. Following Buller v. State, 33 Texas Crim. Rep., 551, and other cases. Prendergast, Presiding Judge, holding that taking all the allegations together they showed what is alleged defendant testified to was material to the issue.

**2.—Same—Rule Stated—Material Allegation.**

The material question was whether the parties played, and not whether defendant saw them play, and it should have been alleged that they did in fact play to make the allegation material in an indictment for perjury. Following Gallegos v. State, 50 Texas Crim. Rep., 190, and other cases.

**3.—Same—Traverse—Perjury—Indictment.**

Where the allegations in the indictment alleging the traverse of the statement made by the defendant covered an entirely different transaction and had no reference to the testimony before the grand jury, the indictment was insufficient.

**4.—Same—Indictment—Disjunctive—Conjunctive.**

The indictment for perjury whether defendant within two years before the alleged date played in Hamilton County or within four hundred yards of the line, etc., the same was defective in not using the conjunctive "and" instead of the disjunctive "or." Distinguishing Byrd v. State, 162 S. W. Rep., 360.

**5.—Same—Indictment—Betting—Necessary Allegation.**

Where the allegation as to the materiality of defendant's testimony before the grand jury upon which perjury was based did not allege that defendant bet in any of the games he played or that he bet in any of the games he saw played, the indictment was defective. Davidson, Judge, holding that the allegation as to betting himself was not material, as he was immune from punishment as a witness.

**6.—Same—Betting at Dice—Indictment—Perjury.**

It is only an offense to bet at a game played with dice, and it is no offense to play at dice, and where, in an indictment for perjury, there was no allegation that defendant's statement that he played at a game of dice, but had not bet thereon was untrue, etc., the same was insufficient.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Trippet* and *Eidson & Eidson,* for appellant.—On question of

insufficiency of indictment: Portwood v. State, 71 Texas Crim. Rep., 447, 160 S. W. Rep., 345; Higgins v. State, 50 Texas Crim. Rep., 433; Harrison v. State, 41 id., 274; Knowles v. State, 67 Texas Crim. Rep., 600, 150 S. W. Rep., 777, and cases cited in opinion.

On question as to betting on dice: Tinker v. State, 58 Texas Crim. Rep., 321, 125 S. W. Rep., 890; Portwood v. State, supra.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of perjury, his punishment being assessed at two years confinement in the penitentiary.

The indictment, omitting formal parts, alleges "it then and there became and was a material inquiry before said grand jury and necessary to the due administration of the criminal laws of the State of Texas and the ends of public justice whether he, the said Walter Scott, *'has'* theretofore at any time within the last two years next preceding the said 2nd day of September, 1912, in Hamilton County, Texas, or within 400 yards of the boundary line between Hamilton County, Texas, and Erath County, Texas, played at any game played with dice upon which money was bet and whether he, the said Walter Scott, had seen any game played with dice upon which money was bet in Hamilton County, Texas, or within 400 yards of the boundary line between Hamilton County, Texas, and Erath County, Texas," etc. Then follows the statement that appellant as a witness before the grand jury did wilfully, deliberately, etc., testify as follows, towit: "I have been engaged in no gambling of any character either with cards, dice, or betting on the ball game. I threw dice with Bill Cole in the buggy, but we did not bet on the throwing. This was in Hamilton County. I played dice with Acquilla Simmons on the Clairette road about six weeks ago, but we did not bet on the game. I played dice with one of Mollie Bailey's show men some time ago, but did not bet on that game. These are the only times I have played dice since I returned to this county about eighteen months ago." "Meaning thereby," etc., that he had not played at any game of dice upon which money was bet in Hamilton County, or within 400 yards of the boundary line between Hamilton County and Erath County, Texas, since his return to the county. Then follows the traverse wherein it is alleged "in truth and in fact as he, the said Walter Scott, then and there well knew, he, the said Walter Scott, had played and did in Hamilton County, Texas, or within 400 yards of the boundary line between Hamilton County, Texas, and Erath County, Texas, and on or about the 1st day of May, 1912, play at a game played with dice, commonly called craps, and especially had he, the said Walter Scott, played at a game played with dice commonly called craps and upon which money was bet with Billie Cole, Billy Rhoades, Vernon Smith, and other persons in Hamilton County, Texas, or within 400 yards of the boundary line of Hamilton County, Texas, and Erath County, Texas, within two years next preceding the said 2nd day of September, 1912, towit: on or about the 1st day of

May, 1912; and, whereas, in truth and in fact, as he, the said Walter Scott, then and there well knew, he, the said Walter Scott, had played and did at another and a different game played with dice commonly called craps in Hamilton County, Texas, which said game was played on or about the 1st day of August, 1912, at the compress in the town of Hico, in Hamilton County, Texas, with one Vernon Smith, and also money was bet on that game; he had also played at another and a different game played with dice commonly called craps with one Henry Rodgers and Tom Wood in a box car," etc.

Motion was made to quash this indictment on several grounds. We are of the opinion this indictment is totally insufficient under the authorities. It will be noticed that the allegation was that it became a material inquiry that appellant played at a game on which money was bet. This does not allege directly or even indirectly that the alleged false statement was material to the issue. Buller v. State, 33 Texas Crim. Rep., 551; McMurtry v. State, 38 Texas Crim. Rep., 521; Miller v. State, 43 Texas Crim. Rep., 367; Rosebud v. State, 50 Texas Crim. Rep., 475; Morris v. State, 47 Texas Crim. Rep., 420, and for collation of authorities see Branch's Criminal Law, section 650. It could hardly be a material question whether defendant played at a game where money was bet or not. If it was a material question that he did or did not bet, he being a witness before the grand jury, then the allegation of materiality ought to have alleged directly that he did bet and not whether he did or did not. It was not material to know whether he did or did not. It is material to know whether the game was played and money bet on it. Nor could it be material, as we understand, that appellant did or did not bet on the game. He was a witness before the grand jury, and upon his testimony the grand jury may indict other parties for gambling, but not the defendant, because the statute, where a party to the game testifies, immunes that party from punishment. Nor was it material, as we understand the decisions, that appellant may or may not have seen parties play. The material question was, whether the parties played and not whether defendant saw them play. If it was material and necessary to allege that he had seen them play, then it should have been alleged that they did in fact play. But as we understand the rule in Texas, the grand jury must inquire about offenses, and it was not an offense for defendant to see other parties play. It is an offense that the gaming law was violated, and if appellant saw the other parties play, the question to be inquired of was as to whether or not these parties played, and the defendant would know whether they played or not. This rule was laid down in Gallegos v. State, 50 Texas Crim. Rep., 190. The material questions alleged in the indictment were of the most general nature, confining itself to the following propositions: whether the defendant had played at a game on which money was bet, and whether he had seen other parties play that character of game within two years prior to the 2nd day of September. This is very general, to say the least of it, as to date, and entirely too general as to games, places and parties. This indictment,

we think, is insufficient because it does not allege this testimony given by appellant was material. The only materiality alleged is, *whether* he played himself or had seen others play. Under the cases cited this is not sufficient allegation of materiality. This identical question was decided in the McMurtry case, supra. Quoting from that decision we find this language: "In addition to the objections heretofore stated with regard to the indictment, appellant claims that said indictment is defective because it does not allege that the testimony of appellant upon the points in issue was material; and he insists that the allegation in the indictment 'that it became and was a material matter of inquiry before said grand jury whether, at the time and place laid in the indictment, appellant played at a game with cards,' etc., is not sufficient; that the indictment should have further alleged that the testimony given by appellant on said issues was material. This contention seems to be correct. See Buller v. State, 33 Texas Crim. Rep., 551; Weaver v. State, 34 Texas Crim. Rep., 554."

Going to the traverse we find that it is alleged, as a matter of fact, that appellant knew that he had played at least three different games with the certain parties named in the traverse. The traverse covers a wider field than the questions asked or the testimony given by appellant. The material questions were very general, towit: *whether* appellant had played at any game with dice on which money was bet, or had seen other parties play games at which money was bet. His testimony was that he had been engaged in no gambling with cards, dice or betting on ball games, admitting that he threw dice with Cole and played with Simmons and one of Mollie Bailey's show men. These were the matters about which he testified before the grand jury. The grand jury, so far as the indictment is concerned, never asked him about the games with the other named parties set out in the traverse. Of course, in order to hold a citizen to answer a charge of perjury, the facts upon which the State relies as being inquired about before the grand jury must have been inquired about before that body and called to the attention of the witness so he may answer. There is nothing in the indictment indicating that he was asked about games played with parties mentioned in the traverse, and the traverse does not cover or refer to the instances about which he testified before the grand jury. He testified he played with certain parties, but did not bet. In order to make this indictment good, they should have traversed matters about which he testified before the grand jury as set out in the indictment. The material inquiry alleged was *whether or not* he had played at a game where money was bet or had seen such games. He testified he played with certain parties but had not bet. The traverse covers an entirely different transaction and has no reference to the testimony before the grand jury.

This indictment is so fatally defective in so many ways we deem it unnecessary to discuss it further. The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*

PRENDERGAST, PRESIDING JUDGE.—In my opinion, the indictment herein is fatally defective in these particulars only:

1. Wherein it alleges it was a material inquiry, etc., whether appellant within two years before September 22, 1912, "in Hamilton Co. *or* within 400 yards of the line between Hamilton and Erath Co. played," etc., this should have been "in Hamilton Co. *and* within 400 yards," etc. And wherever in this connection the disjunctive *or* is used, the conjunctive *and* should have been used. The rule in Byrd v. State, 72 Texas Crim. Rep., 242 and 265, 162 S. W. Rep., 360, does not apply. However, proof of either in Hamilton Co., *or* within 400 yards of the line between said counties, would have been sufficient—it would not be necessary to prove both.

2. No allegation avers that appellant bet in any of the games he played, nor does any allegation aver who bet in any of the games he saw played. This should have been averred. Or if the games he played in himself alone were relied upon it should have averred he bet thereon. If not those, but the games he saw played alone were relied on, then it should aver who bet therein.

I think the indictment is not defective in any other particular.

No direct averment was made that the alleged false testimony upon which the perjury was based, "was material to the issue," but taking all the allegations together I think they show what is alleged he testified was material to the issue. See the opinion in Charley Bell v. State, this day delivered. However, I think it would always be better to make the specific allegation, that what he testified was material to the issue.

On these grounds alone I concur in Judge Davidson's opinion reversing and dismissing this cause.

HARPER, JUDGE.—I concur in the reversal and dismissal of the case, because the indictment fails to allege that the testimony given was material to the inquiry, and I have doubts that the allegations are sufficient to supply this omission in the allegations. However, it is no offense to play at dice—it is only an offense to *bet* at a game played with dice. There is no allegation that his statement that he played at games of dice, but had not bet thereon was not true; there should have been to have rendered the indictment valid not only an allegation that he played at a game of dice but that he bet on said same game. The *betting* in the game of dice, and not the mere playing would be the gravamen of the offense.

The other holdings in the opinion I express no opinion on.