JULIUS MORRIS v. THE STATE.

No. 5033.    Decided June 5, 1918.

**Perjury—Indictment—Pleading.**

Where defendant was indicted for perjury and the indictment failed to allege the materiality of the testimony upon which the perjury was based, but alleged testimony which was immaterial, the same was insufficient. Following Gallegos v. State, 50 Texas Crim. Rep., 190, and other cases.

Appeal from the District Court of Travis.    Tried below before the Hon. James R. Hamilton.

Appeal from a conviction of perjury; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Faulk & Monroe,* for appellant.—Cited Lawrence v. State, 2 Texas Crim. App., 479; Anderson v. State, 24 id., 705; Scott v. State, 75 Texas Crim. Rep., 396, 171 S. W. Rep., 243; Bell v. State, 75 Texas Crim. Rep., 401, 171 S. W. Rep., 239, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury, his punishment being assessed at two years confinement in the penitentiary.

· Omitting formal parts, the indictment recites that it "was a material issue before said judge and jury in the trial of said judicial proceeding as to whether or not the said Elmo Clark was in Travis County, Texas, and at the place where an assault was committed on E. W. Patterson, which place was about six miles west of Austin in Travis County, Texas, and occurred on Monday, November 13, 1916, about 4 o'clock p. m. And the said Julius Morris did then and there before the said judge and jury upon the trial of said cause, under the sanction of said oath administered to him as aforesaid, deliberately and wilfully state and testify that said Elmo Clark was seen by him, the said Julius Morris, in the neighborhood of Miller's store in Bastrop County, Texas, on Monday, November 13, 1916," which statement is alleged to be material. The traverse reads as follows: "whereas, in truth and in fact, the said Elmo Clark was about six miles west of Austin, Travis County, Texas, at the place where an assault was committed on E. W. Patterson on the said 13th day of November, 1916, at about 4 o'clock p. m."

We are of opinion that under the authority of Gallegos v. State, 50 Texas Crim. Rep., 190; Maddox v. State, 28 Texas Crim. App., 533, and Scott v. State, 75 Texas Crim. Rep., 396, this indictment is not sufficient.    See, also, Donohoe v. State, 14 Texas Crim. App., 638; Lamar v. State, 49 Texas Crim. Rep., 563, and Miller v. State, 43 Texas Crim. Rep., 367.    It was not material and could not be considered so under these authorities as to "whether or not" Elmo Clark was at the

place where Patterson was alleged to have been assaulted. That statement could not affect the accused, as we understand these decisions, whether Clark was there or whether he was not there. If Elmo Clark was the man sought to be shown by the facts who assaulted Patterson and appellant was testifying to an alibi for Clark, the indictment should have so charged. The materiality of the question would be that appellant swore that Clark was in Bastrop County at the time the assault was made upon Patterson by Clark at the point where the assault was made. It was not material as to "whether or not" these conditions existed. The materiality would be that he was not present and committed the assault. If appellant testified falsely that Clark was in Bastrop County when Clark assaulted Patterson six miles west of Austin, this would be material.

The judgment will be reversed and the cause dismissed.

.  *Reversed and dismissed.*