## L. E. ADAMSON v. THE STATE.

No. 6425. Decided November 2, 1921.

**1.—Perjury—Indictment—Materiality of Statement—Grand Jury.**

Where, upon trial of perjury, the indictment failed to charge that the alleged false statement before the grand jury was material to the matter under investigation before that body, the same was bad on motion to quash. Following Morris v. State, 47 Texas Crim. Rep., 420, and other cases.

**2.—Same—Indictment—Words and Phrases—Negative.**

The indictment charging perjury alleged that one of the material inquiries was "whether or not defendant had ─een one Packard playing cards, etc.," while the same was probably an inadvertence, yet this allegation was redundant and should not be repeated in case of a new indictment.

Appeal from the District Court of Knox. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. S. Kendall* and *W. S. Adamson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was sentenced to the penitentiary for two years upon a conviction for perjury.

Motion was made to quash the indictment upon the ground that there was a failure to charge that the alleged false statement before the grand jury was material to the matter under investigation before that body. An inspection of the indictment reveals the absence of such allegations. If this were a question of first impression the writer would be inclined to the view that, taking the indictment as a whole, the materiality of the alleged false statement is shown, but there is a long line of cases to the contrary. The indictments in the Bell case, 75 Texas Crim. Rep., 401, 171 S. W. Rep., 239; and in the Scott case, 75 Texas Crim. Rep., 396, 171 S. W. Rep., 243, are identical with the one under consideration. Under authority of these cases the assistant attorney general has confessed error. Incident to a discussion of the many allegations in the Bell indictment, the court concludes:

"It was proper to make all or any of these allegations; but they, nor either of them, supply the necessary allegation that what he testified was material to the issue. Nor do all the allegaticns taken together sufficiently show that what he testified was material to the issue, as held and illustrated in Buller v. State, *supra;* McMurtry v. State, 38 Texas Crim. Rep., 521, 43 S. W. 1010; Miller v. State, 43 Texas Crim. Rep., 368, 65 S. W. 908; Rosebud v. State, 50 Texas Crim. Rep., 475, 98 S.

W. 858; Morris v. State, 47 Texas Crim. Rep., 423, 83 S. W. 1126, and other cases."

This same question was under consideration in State v. Highsaw, just decided October 26th. Under these many authorities the indictment in the instant case must be held defective.

In view of a re-indictment we would call attention to a probably inadvertent allegation that one of the material inquiries was "whether *or not*" appellant had seen one Packard playing cards, etc. It would hardly be material to establish that appellant had *not* seen Packard engaged in gaming. We refer to it as probably an oversight, as the other matters stated as material inquiries are not subject to this criticism.

The judgment of the trial court must be reversed, and the prosecution under this indictment dismissed.

*Dismissed.*